**Victor C. CAIRO, Plaintiff,**

v.

**Jon B. SKOW, Roy J. Josten, Marie Matranga, Steven Gabriel, and Heritage Bank and Trust, a Wisconsin corporation, Defendants.**

No. 80–C–1135.

United States District Court,
E. D. Wisconsin.

March 25, 1981.

Victor C. Cairo, pro se.

Craig Nelson, Piette, Knoll & Nelson, Milwaukee, Wis., for Gabriel and Heritage Bank.

Einer Christensen, Constantine, Christensen, Krohn & Kerscher, Racine, Wis., for Josten.

Daniel Farwell, Asst. Atty. Gen., Madison, Wis., for Skow.

Geoffrey Van Remmen, Albert, Judge & Van Remmen, Racine, Wis., for Matranga.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

One of the defendants, Judge Jon B. Skow, circuit court judge for Racine County, Wisconsin, has moved to dismiss "because the amended complaint fails to state a claim against the defendant...." Although the motion is styled as a motion to dismiss, Judge Skow has attached lengthy affidavits to his briefs in support of the motion. The plaintiff has also filed an affidavit to support his position; accordingly, I will consider Judge Skow's motion to be one for summary judgment. Rule 12(b), Federal Rules of Civil Procedure.

Also before the court is the motion of the defendant, Roy Josten, to dismiss. This motion was filed without a supporting brief or a certificate of Mr. Josten's counsel that no brief would be filed, as required by local rule 6.01. Accordingly, I will dismiss this motion without prejudice pursuant to local rule 6.01.

The plaintiff brings this action pursuant to 42 U.S.C. § 1983; he alleges that Judge Skow acted under color of law but without jurisdiction and in conspiracy with the other defendants to intimidate, harass, malign, and extort money from the plaintiff. The plaintiff also alleges that Judge Skow falsely ordered the arrest of the plaintiff, "without a warrant, without probable cause and without jurisdiction of the person of the plaintiff." Amended Complaint at ¶ 7. The plaintiff is an attorney who proceeds pro se. He seeks one million dollars in

compensatory damages and three million dollars in punitive damages.

Paragraph seven of the amended complaint details the actions which the plaintiff alleges Judge Skow committed.

"a. That on or about November 5, 1978, by telephone the defendant Skow ordered the plaintiff to appear in his court. That in the presence of a number of people he demanded and ordered the plaintiff to resign as the attorney for an estate saying the plaintiff was an incompetent and dishonest attorney.

"b. That on December 4, 1980, defendant Skow by telephone stated to plaintiff I am ordering you to appear in my court forthwith, I am enjoining you from leaving the jurisdiction of this court, I am ordering you to turn over to me the sum of $15,000.00.

"c. That on December 4, 1980, the defendant Skow publicly and in open court made the following groundless accusations 'Cairo has committed the crime of theft by fraud', and 'has taken moneys from a widow', 'has abused his office as an attorney' and is 'guilty of an obvious impropriety.'

"d. That on December 16 and 18, 1980 the defendant Skow in open court made repeated statements that 'Cairo was guilty of serious misconduct.'

"e. That on December 14, 1980, the defendant Skow ordered two Racine County sheriffs to arrest the plaintiff without a warrant and without probable cause that plaintiff had committed a crime.

"f. That throughout his arrest and imprisonment, the plaintiff was never charged with a crime, the deputies stating to plaintiff that they did not know what he was charged with and that they were merely following the orders of the defendant Skow.

"g. That such arrest was ordered by the defendant Skow solely for the purpose of extorting the sum of $15,-000.00 from plaintiff."

In his affidavit of January 19, 1981, Judge Skow avers that he is a circuit judge for Racine County and in that capacity he has and "continues to have jurisdiction over the estate of Joseph A. Matranga, File No. 80–PR–76, Racine County Circuit Court, Probate Branch." Affidavit of Judge Skow, dated January 19, 1981, at ¶ 3. He further avers that on December 11, 1980, a motion for an order to show cause was filed in his court "on behalf of Marie Matranga, seeking review of the attorney's fees allegedly paid to Victor Cairo as attorney of the estate of Joseph A. Matranga." Skow affidavit of January 19th, at ¶ 5.

The affidavit of Mrs. Matranga which accompanied the motion for an order to show cause stated that on October 16, 1980, Mr. Cairo came to the Matranga residence and demanded $15,000.00 as attorney's fees for estate work. Mrs. Matranga further averred that Mr. Cairo told her not to tell the personal representative of her husband's estate about the fee or he would demand an additional $12,908.00. Mrs. Matranga's affidavit also states that Mr. Cairo deposited the $15,000.00 check in a Florida bank. Skow affidavit of January 19th; Exhibit B (affidavit of Mrs. Matranga, dated December 10, 1980).

On December 12, 1980, Mrs. Matranga filed another motion in Judge Skow's court seeking a restraining order. Judge Skow avers:

"That on the basis of the motion and petition for an order to show cause, and in view of the urgency of the matter as set forth in the documents filed in his court, he ordered an immediate hearing on the order to show cause prior to its issuance, such hearing being set on December 12, 1980, at 11:00 a. m., in his courtroom in the Racine County Courthouse. That he communicated with the plaintiff, Victor Cairo, over the telephone concerning the hearing and commanded plaintiff to attend." Skow affidavit of January 19th, at ¶ 6.

It is undisputed that Mr. Cairo did not attend the hearing on December 12, 1980.

Instead he presented a handwritten note to the register of probate. The letter read in its entirety:

> "December 12, 1980
>
> "Hon. Jon B. Skow
>
> Re: Services performed
> for Marie Matranga
>
> "Since you have already made your decision on the claims made by Marie Matranga it cannot be said that you are acting as a neutral detached decision maker.
>
> "In view of this I want a little more time to state my position so that I can respond to the allegations.
>
> "The services were performed prior to the death of her husband and there were no estate proceedings pending. And therefore not within your jurisdiction.
>
> Victor C. Cairo"

Skow affidavit of January 19th; Exhibit C, at p. 4.

In light of Mr. Cairo's refusal to attend the hearing on December 12, Judge Skow "caused to be issued a writ of capias demanding the arrest of the plaintiff, Victor Cairo, and conditioning his release upon payment of a $15,000.00 cash undertaking." Skow affidavit of January 19th, at ¶ 8.

Mr. Cairo avers that he was arrested at his home during the evening of Sunday, December 14, 1980, and was booked into the Racine County jail that night. The record is not clear regarding the length of time Mr. Cairo was actually incarcerated. A hearing was held before Judge Skow on December 16, 1980, regarding the order to show cause. A second hearing was held on December 19; at that time Mr. Cairo complied with Judge Skow's order to deposit $15,000.00 with the county clerk of court. Judge Skow also avers that the matter of the estate of Joseph Matranga is still pending in his court, as are the related matters involving review of the attorney's fees.

■ As a state court judge, Judge Skow enjoys absolute immunity from suits for damages as a result of his actions in the exercise of his judicial authority. The Supreme Court has stated: "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 13 Wall. 335 [80 U.S. 335, 20 L.Ed. 646] (1872)." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). The *Pierson* Court found nothing in section 1983 to alter this rule.

Subsequently, in *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), the Court again considered the question of judicial immunity in the context of section 1983 cases.

> "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"

*Stump, supra,* at 356–57, 98 S.Ct. at 1105 (footnotes omitted).

The Court also stated: "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump, supra,* at 359, 98 S.Ct. at 1106.

In the case at bar, it is undisputed that Judge Skow, as a circuit judge sitting in the probate branch of the Racine County circuit court, has jurisdiction over the probate matters before him. It is also undisputed that one such matter is the estate of Joseph A. Matranga. Judge Skow possessed jurisdiction to examine the matter of fees in the Matranga estate once a petition on that subject was filed in the probate court. This is true notwithstanding Mr. Cairo's contention that his legal services were performed prior to the time of Mr. Matranga's death.

Judge Skow has broad powers to ensure the proper administration of all probate matters before him, including the Matranga estate. The power to review fees is found in section 851.40(2), Wis.Stat., which provides in part: "Any personal representa-

tive, heir, beneficiary under a will or other interested party may petition the court to review any attorney's fee [for performing services for the estate of a deceased person]." Mr. Cairo's contention that the fees were for other services is something he could have raised in the proceedings to review the fees.

Under Wisconsin law, a circuit court judge also possesses broad powers to ensure that his jurisdictional mandate is carried out. A judge is granted the power "to devise and make such writs and proceedings as may be necessary to carry into effect the powers and jurisdiction possessed by [the court]." In addition, a circuit court judge possesses significant powers to punish contempt of court, Wis.Stat. § 785.01 *et seq.* Contempt of court is defined in part as "[d]isobedience, resistance, or obstruction of the authority, process or order of a court." Wis.Stat. § 785.01(b).

Given these broad grants of power possessed by a judge such as Judge Skow, I have no difficulty concluding that Judge Skow was not acting "in the clear absence of all jurisdiction." Therefore, *Stump* plainly dictates a finding that Judge Skow is completely immune from suit in the case at bar.

In so holding, I make no comment on whether Judge Skow abused the discretion he is granted under the statutes cited above. That issue is not one over which this court has any jurisdiction. This court does not sit as an appellate court over Judge Skow's court, nor does it sit as a judicial ethics commission. Mr. Cairo's action is one for damages only; he does not seek a declaratory judgment that the powers exercised by Judge Skow are unconstitutional. *See, Jacobson v. Schaefer*, 441 F.2d 127 (7th Cir. 1971).

The record before me reveals certain factual disputes over the propriety of Judge Skow's actions, but it is clearly established that those disputes are not material to the crucial issue in the case—whether Judge Skow acted in the absence of all jurisdiction. On that issue, there are no genuine disputes as to any material facts. Accordingly, I will grant Judge Skow's motion for summary judgment.

Judge Skow has also moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988. Section 1988 provides that in section 1983 suits "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." When considering whether to make such an award, the court may be guided by such factors as the public interest in encouraging a particular lawsuit and the conduct of the parties. *See, United States Steel Corp. v. United States*, 519 F.2d 359, 363 (3rd Cir. 1975).

I am satisfied that no useful purpose is served by the encouragement of suits such as the case at bar. Section 1983 suits cannot be permitted to substitute for the orderly procedures of appellate review. Suits such as that at bar would cause far-reaching and harmful intrusions into state court proceedings. In *Pierson*, the Supreme Court stated:

"It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." *Pierson, supra*, 386 U.S. at 554, 87 S.Ct. at 1218.

In addition, the plaintiff is an attorney who can properly be charged with some familiarity with the legal doctrines he seeks to invoke. While Mr. Cairo has attempted to justify his position, I find his contentions to have little merit. Whether Judge Skow acted without jurisdiction in this case is not a close question; it is abundantly clear that he possessed jurisdiction as to the proceedings of which Mr. Cairo complains.

Weighing all these factors, I believe that it is a better exercise of my discretion under

section 1988 to grant Judge Skow's motion for costs, including attorney's fees. I find that a reasonable fee award is $300.00.

Several other defendants remain in this action. As to these defendants, the amended complaint alleges:

> "That at all times relevant hereto, all of the defendants acted together, conspired and acted in concert by common agreement and design to willfully and intentionally deprive the plaintiff of his constitutional rights." Amended complaint, at ¶ 6.

■ This conclusory statement contains no factual allegation whatsoever. To plead a conspiracy, a litigant must do more than allege in a conclusory fashion that a conspiracy exists. *See, McCleneghan v. Union Stock Yards Co. of Omaha*, 298 F.2d 659, 663 (8th Cir. 1962) (Blackmun, J.). Failure to plead more than a conclusory statement violates the requirement to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Federal Rules of Civil Procedure; *see* Wright & Miller, Federal Practice and Procedure: Civil § 1233.

■ It is now well-settled that a litigant can maintain a suit under section 1983 alleging a conspiracy to violate that person's rights, even though the only person who acted under color of state law is a judge who is immune from suit. *Dennis v. Sparks*, —— U.S. ——, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Rankin v. Howard*, 633 F.2d 844 (1980); *see* Woessner, *Private Party Liability in Section 1983 Actions Alleging Conspiracy with Absolutely-Immune State Actors*, 1980 Wis.L.Rev. 1056.

■ In light of this rule, I will not dismiss the plaintiff's action. Instead, I will grant the plaintiff leave to amend his complaint so that he may properly plead allegations of conspiracy. The plaintiff will be permitted twenty days to file his complaint. If the plaintiff fails to serve and file a second amended complaint within twenty days of the date of this order, the defendants may petition the court for the dismissal of this action.

Therefore, IT IS ORDERED that the motion of Judge Skow for summary judgment be and hereby is granted. Costs are awarded against the plaintiff in favor of Judge Skow and such costs shall include $300.00 in attorney's fees.

IT IS ALSO ORDERED that the plaintiff be and hereby is granted leave to serve and file a second amended complaint within twenty days of this date of this order.