**Douglas Alan DYSON, Plaintiff,**

v.

**Judge Michael L. SPOSEEP, Judge Pro Tempore Mark C. Guenin, Defendants.**

**No. S86–156.**

United States District Court,
N.D. Indiana,
South Bend Division.

May 27, 1986.

---

Douglas Alan Dyson, Wabash, Ind., pro se.

Arthur T. Perry, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

### I

This cause is before the court on three motions: (1) plaintiff Douglas Dyson's "Motion for Change of Venue from the Judge"; (2) the Motion to Dismiss or in the Alternative for Summary Judgment filed by the defendants, Judge Michael L. Sposeep and Judge Pro Tempore Mark C. Guenin; and (3) the defendant judges' "Motion for Imposition of Financial Sanctions under F.R.C.P. 11". For the reasons stated herein, the court denies the plaintiff's motion and grants the defendants' motions.

Mr. Dyson filed this action under 42 U.S.C. section 1983 alleging that he appeared in the Wabash County Court on March 12, 1984 with respect to speeding ticket, and requested a jury trial. Judge Pro Tempore Guenin took the motion under advisement, and, on March 15, 1984, Judge Sposeep denied the motion without further hearing. Mr. Dyson contends that by these actions, the defendants denied him his rights to jury trial and to freedom of speech and he seeks $10,000,000.00 in "normal and general damages" and a like sum in punitive damages.

This court has jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1343.

### II

On May 20, 1986, Mr. Dyson asked for a new judge in a motion that reads:

Comes now Plaintiff, Douglas Alan Dyson, pro se, and moves this Honorable Court for a Change of Venue from Judge for the reason he has a belief there is prejudice and bias concerning him since the Judge in this cause is a close acquaintance of Chief Justice Givans and a relative of Judge Smith and having been a State Court Judge prior to this appointment and moreover has dismissed cause number S85–528 without a hearing.

Furthermore the public confidence in the impartiality of this Court is in question with all the water that has passed over the dam.

WHEREFORE, Plaintiff, Douglas Alan Dyson, pro se, moves this Honorable Court for a Change of Venue from Judge for the foregoing reasons and to show the public this impartiality by granting this Motion for Change of Venue From Judge.

Judicial disqualification is governed by 28 U.S.C. section 455, which is intended to promote public confidence in the impartiality of the judicial system. H.R.Rep. No. 93–1453, 93 Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Adm.News 6351, 6354–55. Section 455 provides in pertinent part:

(a) Any justice, judge or magistrate of the United States shall disqualify himself

in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings . . .

Section 455(a) requires disqualification whenever the judge believes that the circumstances of the action would give to the general public the appearance of impropriety, thus adversely affecting public confidence in the judicial process. *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir.1985). Section 455(b)(1) requires disqualification whenever the judge finds that a reasonable man would be convinced that the judge has a personal bias in the action. *Id.* The asserted bias must arise from some source other than what the judge has learned through participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir.1985); *In Re International Business Machines*, 618 F.2d 923 (2nd Cir.1980). Factual averments of bias or prejudice must be more than the movant's mere conclusions, opinions or rumors. *United States v. Haldeman*, 559 F.2d 31 (D.C.Cir. 1976), *cert. denied* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). Finally, the judge determining the motion need not accept as true the allegations made in the recusal motion; the judge may contradict the allegations with facts drawn from his own personal knowledge. *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir.1985).

■ Mr. Dyson's motion fails to satisfy these requirements. Assuming that Mr. Dyson's second paragraph phrase, "all the water that has passed over the dam", refers to the matters set forth in the first paragraph of the motion, Mr. Dyson's allegations are that the judge to whom this case is assigned:

1. "is a close acquaintance of Chief Justice Givans", an apparent reference to

Richard Givan, Chief Justice of the Indiana Supreme Court;

2. is "a relative of Judge Smith";

3. was a state judge prior to appointment to the district court; and

4. dismissed another of Mr. Dyson's cases without a hearing.

The first two allegations are meaningless; neither Justice Givan nor Judge Smith (to whom this judge is not related) are parties to this action. That this judge ruled against Mr. Dyson in other litigation bears upon the issue only if an assumption is made that all judicial rulings are based on bias and prejudice. The reasons for the court's ruling in the other case, in which the court granted motions for summary judgment filed by another state judge and a state court, were set forth in a sixteen-page opinion.

This leaves as Mr. Dyson's sole remaining argument the novel proposition that former state judges cannot fairly determine federal claims against state judges. That argument is patently preposterous. The federal judiciary is peppered with former state judges, including two Justices of the Supreme Court who participated in the Court's decision in *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

The court does not find that the circumstances of the action would give to the general public the appearance of impropriety, or that the facts asserted by Mr. Dyson would convince a reasonable man that the judge has a personal bias in the action. Nor does the judge to whom this case is assigned believe that he is biased or prejudiced against Mr. Dyson.

Accordingly, the motion for recusal, or for change of venue from the judge, is denied.

### III

#### A

This is a claim filed *pro se* by Mr. Dyson pursuant to 42 U.S.C. section 1983. When such a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the complaint's allegations must be judged by a

standard less stringent than those of a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jones v. Morris*, 777 F.2d 1277 (7th Cir.1985), must be taken as true and viewed in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hampton v. City of Chicago*, 484 F.2d 602 (7th Cir.1973), and should not be held insufficient to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, establish that (1) no genuine issue as to any material fact exists, and (2) the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir. 1985). The moving party bears the burden of proving both elements, *Brown University v. Kirsch*, 757 F.2d 124, 129 (7th Cir. 1985), and any inferences drawn from the documents must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Munson v. Friske*, 754 F.2d at 690. Again, *pro se* pleadings must be construed liberally to insure that claims of *pro se* litigants are given a fair and meaningful consideration. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1971); *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Matzker v. Herr*, 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir.1982), *cert. denied* 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983).

### B

The defendant judges move to dismiss, or alternatively, for summary judgment, on two grounds:

1. that Mr. Dyson's claim that he was denied his right to a jury trial presents no federal question; and

2. that the doctrine of judicial immunity bars Mr. Dyson's claim for damages.

Pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982), the court notified Mr. Dyson of the importance of a response to the defendants' motion. Mr. Dyson stated the following argument in opposition to the motion:

The Defendants through this conspiracy are in all absence of jurisdiction pursuant to the Constitution of the United States and the Plaintiff has filed for a jury demand in which to grant a Summary Judgment would only be aiding and abeting these conspirators and furthermore how ridiculous for the Deputy State Attorney General to claim absolute judicial immunity when the acts complain-of are administrative and ministerial in nature, only a moron would present or accept such a defense after having taken a sworn oath to the Constitution of the United States.

Mr. Dyson also submitted an affidavit consisting largely of conclusions rather than factual assertions, in which he maintains that the defendant judges' acts were ministerial and administrative rather than judicial, that the doctrine of judicial immunity is unconstitutional and should be submitted to a jury, that judges in every state are bound by each provision of the constitution, and that the compiler of the United States Code made an immaterial error in printing Section 1983. The affidavit also asserts that an action under Section 1985 is properly maintained against naval officers for a racially motivated conspiracy to deny civil rights and that a district attorney is not immune from suit for conspiracy to punish a citizen for taking an opposing political position; the materiality of these propositions is not immediately apparent to the court.

### C

■ The defendants' motion should be granted. The doctrine of judicial immunity

bars this suit and, in any event, Mr. Dyson's constitutional rights were not violated.

### 1.

The defendant judges are immune from this suit under the Civil Rights Act of 1871 for damages claimed to have resulted from their handling of a motion presented to them in their judicial capacity. The United States Supreme Court has held steadfastly that a judicial officer is absolutely immune from civil suits for damages resulting from his or her judicial acts. *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331, *reh. denied* 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Lowe v. Letsinger,* 772 F.2d 308 (7th 1985).

Mr. Dyson attempts to evade the doctrine of judicial immunity by declaring the defendant judges' acts to have been "administrative and ministerial". Mr. Dyson is incorrect in his characterization. The determination of whether a party is entitled to a jury trial is a judicial act.

### 2.

■ Ordinarily, no further discussion is necessary when the matter is resolved by the doctrine of judicial immunity. It is appropriate to note, however, that even apart from the matter of immunity, Mr. Dyson suffered no deprivation of his constitutional rights.

Mr. Dyson orally demanded a jury trial in a speeding case in which he was the defendant. Under Indiana law, a speeding prosecution is a civil action: the State must prove its case by a preponderance of the evidence, IND.CODE 34-4-32-1(d), and Indiana's Rules of Trial Procedure govern the proceedings. IND.CODE 34-4-32-1(c)(1). Indiana Trial Rule 38(B) requires that a jury demand be made in writing. Indiana Trial Rule 38(D) provides that a party waives his right to jury trial by failing to file and serve a written demand as required by Trial Rule 38(B). Fed.R.Civ.P.

38 contains identical provisions. Mr. Dyson had no right under Indiana law to be granted a jury trial upon oral demand in a speeding case.

Moreover, the Seventh Amendment's requirement of civil trials binds the federal government and not the states; there is no federal constitutional right to a trial by jury in a state civil action. *Letendre v. Fugate,* 701 F.2d 1093 (4th Cir.1983) ("The Seventh Amendment's right to trial by jury in the federal courts has not been extended to the States through the Fourteenth Amendment."); *Olesen v. Trust Co. of Chicago,* 245 F.2d 522 (7th Cir.), *cert. denied* 355 U.S. 896, 78 S.Ct. 270, 2 L.Ed.2d 193 (1957) ("The Seventh Amendment ... applies to trial in the United States Courts.... Trial by jury in civil actions in state courts may be modified by a state or abolished altogether."). *See also Wagner Co. v. Lyndon,* 262 U.S. 226, 43 S.Ct. 589, 67 L.Ed. 961 (1923) ("the deprivation of a right of trial by jury in a state court does not deny the parties due process of law under the Federal Constitution").

### 3.

Mr. Dyson also claims to raise claims under 42 U.S.C. sections 1981, 1985 and 1986. Extended discussion of those statutes is unnecessary, because all hinge upon a deprivation of civil rights. Mr. Dyson suffered no such deprivation as a result of the denial of his oral request for a jury trial in the state civil action.

### D

The defendants' motion for summary judgment should be granted.

### IV

### A

The defendant judges have also moved for imposition of financial sanctions under Fed.R.Civ.P. 11; Mr. Dyson filed no response to that motion. The motion is well-taken.

■ Rule 11, as amended in 1983, provides in pertinent part as follows:

> ... A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

(emphasis added). The Rule expressly applies to a party who, like Mr. Dyson, is not represented by an attorney. The Rule does not, on its face, limit to counsel the duty to make reasonable inquiry; neither does the Rule establish for *pro se* litigants a lesser duty to make reasonable inquiry. The courts in this Circuit have applied Rule 11 to *pro se* litigants when appropriate. *Hilgeford v. Peoples Bank*, 776 F.2d 176 (7th Cir.1985); *Steinle v. Warren*, 765 F.2d 95 (7th Cir.1985); *cf. Tarkowski v. County of Lake*, 775 F.2d 173 (7th Cir.1985).

■ This court believes caution should be exercised lest Rule 11 be applied indiscriminately so as to require a plaintiff or plaintiff's attorney to bear the entire cost of litigation for a defendant when it appears, albeit only in retrospect, that the complaint was not warranted by existing law or a good faith request for modifica-

tion of existing law. In the field of civil rights litigation, however, 42 U.S.C. section 1988 provides precedent for requiring an unsuccessful plaintiff to bear the full cost of litigation. That statute provides that in actions under Section 1983, a district court may allow a "prevailing party" other than the United States a reasonable attorney fee as part of its costs.

■ It is not sufficient that a defendant seeking an award of attorney fees under Section 1988 "prevail" by winning a dismissal or judgment, however. Prevailing defendants are held to a higher standard in seeking such an award than are prevailing plaintiffs. *Linhart v. Glatfelter*, 771 F.2d 1004 (7th Cir.1985); *Badillo v. Central Steel and Wire Co.*, 717 F.2d 1160 (7th Cir.1983). It is not enough that the plaintiff has lost his case. *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Hershinow v. Bonamarte*, 772 F.2d 394 (7th Cir. 1985). Fee awards to defendants under Section 1988 are limited to narrow circumstances due to the concern that large fee awards would have a chilling effect on parties seeking to vindicate their civil rights. *Hershinow v. Bonamarte, supra.*

■ A defendant may seek an award of attorney fees under section 1988 if the plaintiff's action was vexatious, frivolous, or brought to harass or embarrass the defendant, *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Soderbeck v. Burnett County, Wisconsin*, 752 F.2d 285, 295 (7th Cir.1985); *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978), or if the action is groundless or without foundation, *Hughes v. Rowe*, 449 U.S. 5, 14–15, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980); *Curry v. A.H. Robins Co.*, 775 F.2d 212, 219 (7th Cir.1985), or if the plaintiff continued to litigate after his claim clearly became frivolous, unreasonable or groundless. *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The defendant need not show that the case was brought in

subjective bad faith. *Hamilton v. Daley*, 777 F.2d 1207 (7th Cir.1985).

Subject to these limitations, awards of attorney fees under section 1988 rest within the district court's discretion. *Curry v. A.H. Robins Co.*, 775 F.2d 212, 219 (7th Cir.1985); *Linhart v. Glatfelter*, 771 F.2d 1004 (7th Cir.1985); *Harrington v. DeVito*, 656 F.2d 264 (7th Cir.1981), *cert. denied* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982).

The court is not certain that Rule 11 was intended to establish a lesser standard than Section 1988 for recovery of expenses of litigation by prevailing defendants in civil rights litigation. Even under the established Section 1988 standards, however, the defendants are entitled to such an award.

█ Mr. Dyson's complaint was wholly frivolous. Mr. Dyson might be forgiven for not realizing that the Seventh Amendment does not apply to the States. Mr. Dyson was, however, well aware of the doctrine of judicial immunity. It was noted above that this court entered a summary judgment against Mr. Dyson in unrelated litigation. This court also entered summary judgment against Mr. Dyson in still another suit in which Judge Sposeep was named as one of several defendants. In holding that the doctrine of judicial immunity barred that action against Judge Sposeep and another judge, this court explained at pages 4–5 of that opinion:

> Judicial immunity constitutes an absolute defense for state court judges in civil rights actions for damages when (1) the act was judicial rather than ministerial or administrative in nature, and (2) the judge had jurisdiction over the subject-matter of the case in which the act was taken. *Stump v. Sparkman*, 435 U.S. 349 [, 98 S.Ct. 1099, 55 L.Ed.2d 331] (1978); *Lowe v. Letsinger*, 772 F.2d 308 (7th Cir.1985). Absolute immunity preserves the freedom necessary for state judges to rule without bias on the matters before them. Accordingly, a "state judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subjected to liability only when he acted in 'the clear absence of all jurisdiction'." *Stump v. Sparkman*, 435 U.S. at 356–57 [, 98 S.Ct. at 1104–05;] *Pierson v. Ray*, 386 U.S. 547 [, 87 S.Ct. 1213, 18 L.Ed.2d 288] (1967). This immunity is construed broadly today. *Lowe v. Letsinger*, 772 F.2d at 308; *Cairo v. [Skow]*, 510 F.Supp. 201 (E.D.Wis.1981).

Mr. Dyson filed the case now before the court on March 11, 1986; the court entered its order in Mr. Dyson's earlier case against Judge Sposeep on February 6, 1986. In that earlier case, the court also found Mr. Dyson's complaint against Judge Sposeep to be frivolous, and ordered Mr. Dyson to pay the attorney fees and expenses incurred on behalf of Judge Sposeep and several other defendants, pursuant to Section 1988.

Accordingly, it appears that thirty-three days after Mr. Dyson was ordered to pay attorney fees incurred by Judge Sposeep in defending an action that was rendered frivolous due to the doctrine of judicial immunity, Mr. Dyson filed yet another action, also barred by judicial immunity, against Judge Sposeep. It is also noteworthy that Mr. Dyson took no appeal from the adverse judgment in his state speeding case. One might suspect Mr. Dyson of greater interest in recovery of money damages for asserted deprivation of the right to jury trial than in vindication of that right through the state appellate process.

Based on the foregoing, the court concludes that Mr. Dyson's action was vexatious, frivolous, groundless, without foundation and filed in blatant disregard of the requirements of Rule 11. Sanctions are appropriate.

Counsel for the defendant submitted his own affidavit establishing that he expended 7.5 hours in researching and drafting the motions the court is granting this date, and that an hourly fee of $75.00 is reasonable. The court so finds.

### B

█ An award of fees and expenses to counsel for the defendant does not end the

matter, however, given the conclusion that Mr. Dyson should bear the full costs occasioned by the filing of his complaint. This court's time has been diverted from other litigation to address a vexatious, frivolous and groundless complaint that was without foundation and filed in blatant disregard of the requirements of Rule 11. It is a measure of the Rule 11 violation that lengthy research was not necessary; however, a most conservative estimate of the judicial time expended in preparing this memorandum is 2.25 hours.

Another division of this court has noted recent research that a single hour spent on a case by a federal judge costs the government $600.00, and has warned that future Rule 11 fines will be based upon that hourly figure. *Dominguez v. Figel,* 626 F.Supp. 368 (N.D.Ind.1986), *citing* Levin and Colliers, *Containing the Cost of Litigation,* 37 RUTGERS L.REV. 219, 227 (1985). The *Dominguez* opinion was not published until the week after Mr. Dyson filed this action, and the court accordingly deems it inappropriate to assess a Rule 11 fine based on a $600.00 hourly rate for judicial time. Nonetheless, the court concludes that a Rule 11 sanction of $1,000.00 is proper for filing this action.

## V

Based on the foregoing, the court now DENIES the plaintiff's motion for change of venue from the judge. The court finds that there exists no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law; accordingly, the defendants' motion for summary judgment is GRANTED. The court further GRANTS the defendants' motion for imposition of financial sanctions under Fed.R.Civ.P. 11, and ORDERS the plaintiff to pay to the office of the Attorney General of Indiana, counsel for the defendants, the sum of Five Hundred Sixty Two Dollars and Fifty Cents ($562.50). The plaintiff is further ORDERED to pay One Thousand Dollars ($1,000.00) to the Clerk of this court as a further Rule 11 sanction.

SO ORDERED.