80 F.3d 432
 Bret S. KLEIN, Plaintiff-Appellant,
v.
Aristedes ZAVARAS; George E. Sullivan; Robert J. Furlong;
D.E. Bentley; Lou Hesse; Sgt. Hartless, in their
individual and official capacities,
Defendants-Appellees.
 No. 95-1457.
 United States Court of Appeals,
Tenth Circuit.
 April 2, 1996.
Rehearing Denied May 2, 1996.
 
 Appeal from the United States District Court for the District of Colorado (D.C. No. 94-K-508); John L. Kane, Jr., J.
 Bret S. Klein, pro se.
 Paul S. Sanzo, Assistant Attorney General, Denver, Colorado and Gale A. Norton, Attorney General, for Defendants/Appellees.
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 EBEL, Circuit Judge.
 
 
 1
 Appellant Bret S. Klein, a prisoner incarcerated within the Colorado Department of Corrections (DOC), filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Appellees violated his constitutional rights. Klein's claims stem from the fact that, in the course of his transfer from one prison facility to another, he was required to dispose of several items of personal property. The complaint, filed pro se and in forma pauperis,[1] alleged that Appellees violated his rights to due process of law and equal protection of the law. The complaint further alleged that Appellees violated the terms of certain DOC regulations which were adopted under the terms of a consent decree from a previous class action lawsuit concerning conditions in the DOC. On August 25, 1995, a United States Magistrate Judge recommended that Appellees' motion for summary judgement be granted as to Klein's due process and equal protection claims and that Appellees' motion to dismiss be granted as to Klein's § 1983 claim for enforcement of the consent decree. On October 18, 1995, the United States District Court for the District of Colorado adopted the Magistrate's recommendation and entered judgement for Appellees. Klein now appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.[2]
 
 I.
 
 2
 In February 1993, Klein was transferred from the Limon Correctional Facility (Limon) to the Centennial Correctional Facility (CCF). CCF has a higher security classification than Limon, and conditions at CCF are more restrictive than at Limon. In the course of his transfer, Klein was required to dispose of several items of personal property because those items were not allowed at CCF. He was told he could mail the property to someone outside of the DOC or the items would be destroyed. Klein chose to mail the property to a relative. When leaving Limon, Klein was required to dispose of his television set, his combination radio and tape player, and several cassette tapes. Upon arrival at CCF the following day, he was required to dispose of a desk lamp, a calculator, some sweatshirts, towels, and other miscellaneous property.
 
 
 3
 According to Klein, DOC regulations in effect at the time of his transfer required the DOC to store any property not allowed at CCF while Klein was incarcerated there. In addition, Klein asserts that applicable regulations required that the property be returned to him upon his return to a lower security facility, where the items are allowed. Once Klein's property had been mailed out of the DOC, he could not have the property returned to him as long as he was incarcerated in the DOC. Appellees do not dispute that Klein was required to dispose of the property listed above in the course of his transfer, or that he could not have the property returned to him once it was mailed out.
 
 
 4
 Klein brought this civil rights action pursuant to 42 U.S.C.s 1983 alleging that Appellees' actions violated his rights to due process of law and equal protection of the law. He further alleges that Appellees' actions violated the terms of certain DOC regulations which were adopted under the terms of a consent decree from a previous class action lawsuit concerning conditions in the Colorado Department of Corrections. See Marioneaux v. Colorado State Penitentiary, 465 F.Supp. 1245 (D.Colo.1979). Klein contends that Appellees attempted to change DOC regulations concerning inmate property, and that their attempts to change the regulations violated the Marioneaux consent decree.
 
 
 5
 Prior to filing this action, however, Klein filed an action in Lincoln County Small Claims Division, case number 93 S 58, Klein v. Furlong and Bentley. There, Klein also asserted that his due process rights were violated by his having been forced to send his television, stereo and cassette tapes out of LCF. On April 21, 1994, following trial, Klein's County Court claims were dismissed. The trial court did not comment on the applicability of the consent decree, but concluded that possession of the property in a prison is a privilege and that the applicable rules and regulations did not permit Klein to take the property in question with him from Limon to CCF. Relying on the County Court's disposition of Klein's claims there, Appellees filed a Motion to Dismiss and Motion for Summary Judgment in this action, arguing, inter alia, that Klein's Due Process and Equal Protection claims are barred by the principles of res judicata arising from the Lincoln County case and that the attempt to enforce the consent decree was misplaced in a Section 1983 civil rights complaint. The United States Magistrate agreed and recommended that judgment be entered for Appellees on these grounds. The district court adopted the Magistrate's recommendation and dismissed the case.
 
 II.
 
 6
 We review a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) de novo, "confining our review to the allegations in the complaint and accepting the facts pleaded as true." Barrett v. Tallon, 30 F.3d 1296, 1299 (10th Cir.1994). Likewise, we review the summary judgment determination of the district court de novo, applying the same standard as the district court. Devery Implement Co. v. J.I. Case Co., 944 F.2d 724, 726 (10th Cir.1991). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 Appellees argue on appeal, as they did below, that Klein's claims in this action are barred under the doctrine of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (citing Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)). The Supreme Court of Colorado has adopted this rule, holding that res judicata "bars relitigation not only of all issues actually decided, but of all issues that might have been decided." Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396, 399 (1973). We must give a state court judgment "the same preclusive effect as would be given that judgement under the law of the State in which the judgment was rendered." Migra v. Warren City School. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).
 
 
 8
 In the Lincoln County case, Klein alleged that Appellees "erroneously deprived [him] of his television, radio/cassette player and cassette tapes without adequate justification or due process." The complaint in that case was based on the fact that Klein had to mail out these items before he left Limon. The case went to trial and judgment was entered for Appellees. The record is clear that Klein asserted a due process claim based on the deprivation of his property in the course of his transfer from Limon to CCF. The Lincoln County Court had jurisdiction to hear this claim, to the extent it was independent of any claim to enforce the Marioneaux consent decree, and did so. Klein also could have raised his equal protection claim in the Lincoln County case, but he failed to do so. Thus, to the extent Klein attempts to assert due process or equal protection claims in this action, they are barred by res judicata, and Appellees are entitled to summary judgement with respect to these claims.[3]
 
 
 9
 The Lincoln County Court, however, did not have jurisdiction to enforce the Marioneaux consent decree. That decree was entered by the United States District Court for the District of Colorado, and the Lincoln County Court did not have jurisdiction to enforce its terms. Therefore, to the extent Klein has any right to seek enforcement of the Marioneaux decree, this claim is not barred by res judicata because it could not have been asserted in the Lincoln County case. Nevertheless, Klein's claim for enforcement of the Marioneaux decree was properly dismissed below. Klein claims that Appellees violated the Marioneaux consent decree when they amended certain DOC property regulations, and when they required him to mail out his property. With respect to this claim, we adopt the view taken by the Fifth and Eight Circuits and hold that a § 1983 action is not an appropriate means to seek enforcement of a consent decree. DeGidio v. Pung, 920 F.2d 525 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116 (5th Cir.1986).[4] Remedial decrees do not create or enlarge constitutional rights, or create "rights ... secured by the laws," 42 U.S.C. § 1983, "sufficient to serve as a basis for liability under § 1983." Green, 788 F.2d at 1122-23. Allowing enforcement of consent decrees under § 1983 would "discourage prison officials from agreeing to such benefits." Id; See also Pung, 920 F.2d at 534 ("Compliance would be deterred if individual prisoners were allowed to seek damages for violations of every detail of the decree. Accordingly, we decline to hold that a consent decree may be enforced through a Section 1983 action."). Therefore, Appellees' Motion to Dismiss Klein's § 1983 claim for enforcement of the terms of the Marioneaux consent decree was properly granted.[5]
 
 III.
 
 10
 For the foregoing reasons, the district court's Order dismissing Klein's claims is AFFIRMED.
 
 
 
 [1]
 The district court granted Klein's motion to proceed in forma pauperis
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Klein argues on appeal that the district court could not have adequately evaluated the res judicata effect on his claims without first granting his Motion for Issuance of Subpoena Duces Tecum with respect to the Lincoln County Court trial transcript. As discussed above, Klein's complaint in the Lincoln County case shows that he asserted a Due Process claim in the Lincoln County action. In any event, the district court's Order was based upon the conclusion that, to the extent the claims were brought before or could have been brought and were not, they were barred by res judicata. Thus, it was not necessary for the district court to review the County Court transcript to draw this conclusion
 
 
 [4]
 Klein argues on appeal that the district court should have construed his claim to enforce the consent decree as a properly filed contempt action. However, we find no abuse of discretion in this regard
 
 
 [5]
 On appeal, Klein states that he finds it "troubling" that the Magistrate noted, while discussing the Marioneaux consent decree, that the decree was not part of the record in this case. He argues that the Magistrate should have taken judicial notice of the decree. Whether the decree was part of the record or not, the Magistrate's recommendation did not require a review of the decree because the recommendation was that Klein could not assert any claim to enforce the decree under § 1983. Thus, the decree was not necessary to the Magistrate's recommendation. Furthermore, judicial notice is within the court's discretion, United States v. Estep, 760 F.2d 1060, 1063 (10th Cir.1985), and Klein does not even assert on appeal that he requested that the Magistrate take judicial notice of the decree