UNITED STATES COURT OF APPEALS

**Filed 10/23/96**

FOR THE TENTH CIRCUIT

---

KATHLEEN O. JENSON,

       Plaintiff-Appellant,

GARY ALAN BOTTINELLI,

       Attorney-Appellant,

v.

ROBERT S. FISHER; MICHAEL
GROSS; TERRY RECTOR; TRAX
INVESTIGATIONS CORPORATION;
A. F. PUGLIESE; STEPHAN
BARRETT, D.O.; SCOTT
SICKBERT, M.D.; JACK
SCHEUERMAN; BRENDA
GALLEGOS; ALPERN, JOHNSON,
MYERS, STUART & FINLAYSON;
DAN D. STUART; MARK L.
FINLAYSON; EDWARD S.
JOHNSON; HOWARD ALPERN;
KENNETH P. MYERS; JOHN W.
MATHERS; KENNETH W. GEDDES;
M. E. MACDOUGALL; KAREN
CONSTANTINI; MICHAEL
CONSTANTINI; MARY LONZO-
MOONEY, and any parties unknown
who are part of the conspiracy set
forth in this complaint,

       Defendants-Appellees,

    and

Nos.  95-1252
&
95-1512
(D.C. No. 92-S-1694)
(D. Colo.)

TRISTAN BONN; KENNETH W.
GEDDES, P.C.; GEDDES &
MACDOUGALL, P.C.,

      Defendants.

---

ORDER AND JUDGMENT[*]

---

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.

Plaintiff Kathleen O. Jenson commenced a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985(2) by filing a thirty-four page single type spaced complaint. The district court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The district court, however, permitted Ms. Jenson to amend the complaint as to the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims against defendants Robert S. Fisher and Jack Scheuerman. After

Ms. Jenson filed a thirty-nine page amended complaint, the district court also

dismissed it pursuant to Rule 12(b)(6). On May 15, 1995, the district court

imposed sanctions of $3000 against Ms. Jenson's attorney, Gary Allen Bottinelli,

pursuant to Fed. R. Civ. P. 11 (1992). Mr. Bottinelli appealed (No. 95-1252).

Based upon the motions of defendants Scott Sickbert, M.D., and M.E.

MacDougall, the district court ordered that Mr. Bottinelli file a cost bond in the

amount of $1500 and a supersedeas bond in the amount of $3300. Later,

Mr. Bottinelli moved for the district court judge to recuse himself. The motion

was denied. After Mr. Fisher filed a motion for judgment, the district court

entered judgment nunc pro tunc May 15, 1995, in favor of all defendants.

Mr. Bottinelli again appealed (No. 95-1512). We affirm.

In both appeals,[1] Mr. Bottinelli makes arguments concerning dismissal of

the complaint and amended complaint, recusal of the district court judge, and

imposition of sanctions. We address these arguments before considering the

arguments raised separately in appeal No. 95-1512.

Mr. Bottinelli first argues that the original and amended complaints stated

claims under §§ 1983 and 1985 for denial of access to the courts and denial of

---

[1] Appeal No. 95-1252, although initially premature, ripened after the district court entered its final judgment. See Dodd Ins. Servs., Inc. v. Royal Ins. Co., 935 F.2d 1152, 1155 n.1 (10th Cir. 1991).

due process of law as a result of a conspiracy between the defendants and two Colorado judges and a magistrate and that the allegations in the original and amended complaints were not conclusory. Mr. Bottinelli therefore argues the district court erred in dismissing both complaints under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. "We review de novo the district court's dismissal[s] for failure to state a claim." Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996). "We uphold a dismissal under [Rule] 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). After reviewing the original and amended complaints, we conclude the district court correctly characterized the allegations in the complaints as conclusory and dismissed under Rule 12(b)(6). We affirm the Rule 12(b)(6) dismissals for substantially the reasons stated by the district court in its orders of April 7, 1994, and July 28, 1994.

Mr. Bottinelli argues that because the district court judge had long-standing professional relationships with many nonparty coconspirators mentioned in the complaint he should have recused himself from deciding this case. Mr. Bottinelli has "the impression" that the judge "was directing these proceedings to protect

-4-

his fellow judges." Appellant's Opening Br. in No. 95-1252 at 34. Also, Mr. Bottinelli maintains that the judge's interruption of him during various hearings further indicates the judge was directing the proceedings against Ms. Jenson. Mr. Bottinelli's bias argument is based on speculation and wholly unsupported. See Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d 1497, 1501 (10th Cir.), cert. denied, 115 S. Ct. 77 (1994). Professional associations alone are insufficient to establish judicial bias. See Dyson v. Sposeep, 637 F. Supp. 616, 619 (N.D. Ind. 1986). Nothing indicates that the district court did not afford Mr. Bottinelli or his client fair hearings. See generally Liteky v. United States, 510 U.S. 540, 554-56 (1994). Because there is no reasonable factual basis to call into question the partiality of the judge, we conclude the judge did not abuse his discretion in refusing to recuse. See United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993).

Mr. Bottinelli argues that attorney fees should not be awarded to any attorneys representing themselves and that attorney fees should not be awarded pursuant to Rule 12(b)(6). The district court did not award attorney fees. Rather, the district court awarded sanctions pursuant to Rule 11. These arguments are therefore without merit.

Mr. Bottinelli argues that the district court erred in awarding attorney fees pursuant to Rule 11, because the complaints should not have been dismissed

pursuant to Rule 12(b)(6), and, in any event, a losing position is not grounds for attorney fees. We again note that the district court did not award attorney fees. Rather, it awarded sanctions. The district court awarded sanctions because Mr. Bottinelli violated the objective standard of reasonableness under the circumstances of the case and because he became personally involved in the prosecution of Ms. Jenson's claims. We review an award of sanctions under Rule 11 for abuse of discretion and conclude, under the circumstances of this case, that the district court did not abuse its discretion. See Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir. 1992).

In appeal No. 95-1512, Mr. Bottinelli raises three additional arguments. First, he argues that the district court improperly set cost and supersedeas bonds for all attorney defendants since only Mr. MacDougall and Dr. Sickbert had moved for the bonds. In the interests of judicial economy, the district court ordered filing of the bonds in amounts reflecting the total costs on appeal and the amount of judgment, rather than waiting for other identical motions to be filed. Under the circumstances, we conclude the district court did not abuse its discretion in setting the cost bond at $1500 or in setting the supersedeas bond at $3300. See Olcott v. Delaware Flood Co., 76 F.3d 1538, 1560 (10th Cir. 1996)(district court has inherent discretionary authority in setting supersedeas

bond); Westinghouse Credit Corp. v. Bader & Dufty, 627 F.2d 221, 224 (10th Cir. 1980)(district court has discretion in setting cost bond, citing Fed. R. App. P. 7).

Mr. Bottinelli next argues that the doctrine of res judicata should apply to the district court's order granting Mr. Fisher's motion for entry of judgment. Because Mr. Fisher did not file a brief in appeal No. 95-1252, Mr. Bottinelli also believes that Mr. Fisher should be barred from participating in appeal No. 95-1512. The doctrine of res judicata would not apply to the entry of judgment since no issues were relitigated. See Klein v. Zavaras, 80 F.3d 432, 434 (10th Cir. 1996). Mr. Fisher's failure to file an appellate brief in No. 95-1252 is irrelevant to the entry of judgment.

Finally, Mr. Bottinelli argues that the district court improperly entered judgment nunc pro tunc May 15, 1995, in favor of all defendants when the motion for judgment was made only by Mr. Fisher. Mr. Bottinelli believes that Mr. Fisher had no standing to request judgment for the other defendants. We reject this argument as patently without merit. The district court, irrespective of Mr. Fisher's motion, had authority to enter judgment in the case. See Fed. R. App. P. 58.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Mr. MacDougall's request that this court take judicial notice of Otterpohl v. Jenson, No. 91CA1592 (Colo. Ct. App. Aug. 11, 1994), is

DENIED as moot. Mr. Bottinelli's motion in No. 95-1512 to incorporate in his

opening brief an exhibit which was not a part of the record is DENIED. See

Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1549 n.1 (10th Cir.

1992)(court of appeals will not review documents not before district court when

ruling appealed from was made). The mandates shall issue forthwith.


                                    Entered for the Court


                                    John C. Porfilio
                                    Circuit Judge