Thomas **BROWDY**, Plaintiff–Appellant,

v.

Brian S. **KARPE**, Gerard A. Smyth, Defendants–Appellees.

No. 04–5559–PR.

United States Court of Appeals, Second Circuit.

May 16, 2005.

Thomas Browdy, Sommers, Connecticut, for Appellant, pro se.

Robert F. Vacchelli, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, Connecticut, for Appellees.

Present: RAGGI, WESLEY, and CUDAHY,[1] Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court dismissing the complaint, entered on September 24, 2004, is hereby AFFIRMED.

Plaintiff-appellant Thomas Browdy, proceeding *pro se*, sues Brian S. Karpe, a Connecticut public defender, and Gerard A. Smyth, the state's chief public defender, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, for alleged misconduct in the 1999 prosecution that resulted in his conviction after entry of an *Alford* plea, *see North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of larceny in the fifth degree as a persistent offender, Conn. Gen.Stat. §§ 53a–125a, 53a–40(e), and two counts of conspiracy to commit larceny in the fifth degree, *id.* §§ 53a–48, 53a–125a.

We review *de novo* the dismissal of a complaint for failure to state a claim, *see Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005), and will affirm if we conclude, upon a liberal reading of the *pro se* complaint, *see Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir.2005), " 'that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,' " *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). We assume the parties' familiarity with the underlying facts and procedural background, which we reference only as necessary to explain our decision to affirm.

1. *Claims Pursuant to 42 U.S.C. §§ 1983, 1985, and 1986*

   a. *Official Capacity Claims*

   To the extent Browdy sues defendants in their "official capacity" as employees of

---

1. The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

the Connecticut Public Defender Services, a state agency, *see* Conn. Gen.Stat., Ch. 887, his §§ 1983, 1985, and 1986 claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *see also Davis v. New York,* 316 F.3d 93, 101 (2d Cir.2002).

### b. *Individual Capacity Claims*

■ Browdy's claims against defendants in their individual capacities are deficient in several respects. First, public defenders and court-appointed attorneys "performing a lawyer's traditional functions as counsel" to a defendant do not act "under color of state law" and, therefore, are not subject to suit under 42 U.S.C. § 1983. *Rodriguez v. Weprin,* 116 F.3d at 65–66 (citing *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). To the extent Browdy seeks to cure this defect by conclusorily charging defendants with conspiring with other state officials, *see Tower v. Glover,* 467 U.S. 914, 916, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), this court has ruled that "a merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against" a private party, *Ciambriello v. County of Nassau,* 292 F.3d 307, 324 (2d Cir.2002).

■ Second, Browdy's § 1983 claim against defendant Smyth fails because it appears to be premised on a theory of *respondeat superior;* plaintiff does not allege Smyth's personal involvement in the purported constitutional violation, as he must. *See Scotto v. Almenas,* 143 F.3d 105, 113 (2d Cir.1998). To the extent

plaintiff alleges that Smyth failed to comply with a court-approved settlement agreement, that allegation is not a basis for a § 1983 claim, *see Klein v. Zavaras,* 80 F.3d 432, 435 (2d Cir.1996); *Batista v. Rodriguez,* 702 F.2d 393, 398 (2d Cir.1983), and plaintiff does not allege that he has standing to sue for breach of that agreement, either as a party to or contemplated beneficiary of the agreement, *see Dow & Condon, Inc. v. Brookfield Dev. Corp.,* 266 Conn. 572, 579–80, 833 A.2d 908, 913–14 (2003).

Third, plaintiff's claims pursuant to 42 U.S.C. §§ 1985(3) and 1986 must be dismissed because he fails to plead the necessary racial or invidious class based bias. *See Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 419 (2d Cir.1999); *see also New York Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1358 (2d Cir.1989) ("[N]ot all classes of persons fall within the protective ambit of § 1985(3).").

■ Finally, even if Browdy could clear these significant hurdles, his §§ 1983, 1985, and 1986 claims would be barred because they necessarily implicate the validity of his conviction, which continues to have collateral consequences despite the conclusion of the imposed term of incarceration. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *cf. Spencer v. Kemna,* 523 U.S. 1, 14–16, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Huang v. Johnson,* 251 F.3d 65, 73–74 (2d Cir.2001). The § 1986 claim also was properly dismissed because "no § 1986 claim will lie where there is no valid § 1985 claim." *See Posr v. Court Officer Shield No. 207,* 180 F.3d at 419 (citation omitted).

### 2. *Claims pursuant to Title II of the Americans with Disabilities Act*

Browdy's ADA claims also were properly dismissed because he has sued his lawyers, not the public entity that provides

competency hearings. Moreover, Title II of that statute does not provide for individual capacity suits against state officials. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir.2001).

### 3. *Further Amendment of the Complaint*

Finally the district court properly denied Browdy's motion to file a second amended complaint because his proposed pleadings would not have cured the correctly identified legal defects.

The judgment of the district court dismissing plaintiff's complaint, entered on September 24, 2004, is AFFIRMED.