**WESTINGHOUSE CREDIT CORPORATION,**
Plaintiff-Appellant,

v.

**BADER & DUFTY et al.,**
Defendants-Appellees.

No. 80–1222.

United States Court of Appeals,
Tenth Circuit.

Argued June 23, 1980.

Decided July 28, 1980.

Rehearing Denied Sept. 3, 1980.

**222**

Hugh A. Burns, Denver, Colo. (H. Clay Whitlow of Dawson, Nagel, Sherman & Howard, Phillip S. Figa of Burns & Figa, P.C., Denver, Colo., and of counsel: Dawson, Nagel, Sherman & Howard, Denver, Colo., with him on briefs), for plaintiff-appellant.

J. Lawrence Hamil of J. Lawrence Hamil, P.C., Denver, Colo., for Bader & Dufty, et al., defendants-appellees.

Robert J. Dyer, III, of Hannon, Stutz, Brightwell & Dyer, Denver, Colo., for The Woodmoor Corp., et al., defendants-appellees.

Ernest W. Lohf of Lohf & Barnhill, P.C., Denver, Colo., for Pamela Nagle Hultin and Lawrence J. Schoenwald, defendants-appellees.

Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

Westinghouse Credit Corporation brought the present action to enjoin alleged violations by the defendants of the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, and the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* The defendants are Bader and Dufty, a now dissolved law firm; ten attorneys alleged to have been partners in that firm; the Woodmoor Corporation, which is the subject of a bankruptcy proceeding in the District of Colorado; and the Woodmoor Corporation's Stockholder Protective Association, alleged to consist of 250 present or former stockholders of Woodmoor.

The Woodmoor Corporation brought suit against Westinghouse Credit Corporation in a state court of Colorado seeking damages for an alleged breach of certain loan agreements. That action was removed to the United States District Court for the District of Colorado, where it is now awaiting trial. The law firm of Bader and Dufty represented the Woodmoor Corporation in that action.

From the complaint in the instant case we learn that the defendants here are seeking to finance the action brought by Woodmoor Corporation against Westinghouse Credit Corporation by offering and selling securities to former stockholders, allegedly in violation of federal securities law. The claim is that these so-called securities consist of profit-sharing agreements as to any money which Woodmoor might ultimately recover in its suit against Westinghouse Credit Corporation.

The relief sought by Westinghouse Credit Corporation in the present proceeding is essentially three-fold: (1) to enjoin further fraud by the defendants in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5; (2) to enjoin the sale by the defendants of unregistered securities unless said securities meet the requirements of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e; and (3) to order the Woodmoor Corporation to commence filing such periodic reports as are required by Section 13 of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(a). It is Westinghouse's position that without the monies that are being raised by the defendants in their unlawful sale of securities, Woodmoor could not finance, and otherwise go forward with, its action against Westinghouse. Westinghouse also asserts that if the defendants had complied with the applicable registration and report requirements, Westinghouse could utilize such material, by way of discovery, in defending against the Woodmoor claim.

There was considerable discovery in the instant case. The defendants then moved to dismiss under Fed.R.Civ.P. 12(b)(6), and alternatively, sought summary judgment under Fed.R.Civ.P. 56. The trial court granted the motions to dismiss and dismissed the cause of action with prejudice on the ground that the complaint failed to state a claim on which relief could be granted. More specifically, the trial court held that Westinghouse lacked standing to seek relief on any of the grounds advanced against any of the defendants. Westinghouse now appeals the dismissal of its action. We affirm.

As indicated, Westinghouse seeks to enjoin the defendants from further violations of Section 10(b) of the 1934 Act and Rule 10b–5. Westinghouse concedes that under *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 600 (1975) a private damage action under Rule 10b–5 is confined to actual purchasers or sellers of securities, and agrees that it (Westinghouse) is neither a purchaser or a seller. However, Westinghouse argues that the rule of *Blue Chip Stamps* does not apply where, as here, the only relief sought is injunctive in nature. In thus arguing, Westinghouse relies heavily on *Vincent v. Moench*, 473 F.2d 430 (10th Cir. 1973). We do not feel compelled to here decide whether the rule of *Blue Chip Stamps* applies to a private action under Rule 10b–5 which is purely injunctive in nature, since in our view Westinghouse does not have standing even under the rule of *Vincent*.

In *Vincent* the plaintiffs sought private equitable relief under section 10(b) of the Act and its implementing Rule 10b–5. The claim was that the defendants had devised a scheme to defraud the plaintiffs and that, in furtherance of such scheme, the defendants deceptively purchased securities from a third party, and, though the plaintiffs were not a party or privy to the purchase itself, they had nonetheless suffered injury as a result of the effectuation of the overall scheme to defraud. The trial court, relying on *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461 (2nd Cir.), *cert. denied*, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952), granted the defendant's motion to dismiss on the grounds that the plaintiffs in *Vincent* were neither buyers nor sellers of a security within the meaning of Section 10(b) or Rule 10b–5. On appeal, we affirmed.

In affirming the trial court's dismissal of the plaintiffs' action, we held in *Vincent* that the language of Section 10(b) outlawing deception or manipulation in connection with the purchase or sale of a security must be construed as meaning that in a suit for equitable relief any person showing a "causal connection" between the fraudulent sale of a security and an injury to himself may invoke federal jurisdiction. "Causal connection" between a fraudulent sale and resultant injury was interpreted as meaning that the fraudulent sale was "directly" associated with the alleged injury. Under the well-pleaded facts in *Vincent*, we observed that there was a scheme to defraud, a deceptive purchase of a security, and an injury to the plaintiffs. However, we held that such did not spell federal jurisdiction, and we upheld the trial court's dismissal of the action on the ground there was no direct, or causal connection, between the deceptive purchase of the security and the alleged injury to the plaintiffs.

Applying the rationale of *Vincent* to the present case, we hold that there is no direct connection between the sale by the defendants of the profit sharing agreements and the alleged injury to Westinghouse, i.e., the continued prosecution by Woodmoor Corporation of its suit against Westinghouse. The connection is only indirect at best. In our view the instant case is actually a weaker one than *Vincent*. In *Vincent*, the defendants made a deceptive purchase of a security as part of an overall scheme to gain control of a family-owned business at the expense of the plaintiffs, who were a part of the family and also had an interest in the family owned business. Because of the lack of direct connection between the purchase of the security and the injury allegedly suffered by the plaintiffs, we held

there was no federal jurisdiction. In the instant case the defendants by the sale of so-called securities are raising money to finance Woodmoor's suit against Westinghouse. We find no direct causal connection between the sale and the alleged injury. Indeed, we doubt that the injury which Westinghouse claims to have suffered is the type of injury contemplated by the statute. In sum, Westinghouse does not have standing to pursue a private action under Section 10(b) or Rule 10b–5, even though it be for injunctive relief only.

 Westinghouse also sought an injunctive order restraining the defendants from offering or selling the securities unless registered as required by 15 U.S.C. § 77e, and unless certain periodic reports are filed, as required by 15 U.S.C. § 78m(a). The injury claimed to have been suffered as a result of defendant's failure to thus register and report is that Westinghouse has been deprived of information which it could conceivably use in defending the Woodmoor action. We fail to see how Westinghouse has standing to prosecute this part of its claim. The registration and reporting requirements were designed to protect the investing public by helping them to make informed investment decisions. *SEC v. Continental Tobacco Co. of S.C.*, 463 F.2d 137, 154 (5th Cir. 1972) and *Greater Iowa Corporation v. McLendon*, 378 F.2d 783, 790 (8th Cir. 1967). Westinghouse would require the defendants to register and report to the end that the information contained in such registration and reporting could be used by it in a private civil proceeding. We agree with the trial court that Westinghouse has no standing to challenge the defendants' failure to register and report.

Westinghouse also objects to the refusal of the trial court to exercise its so-called "inherent equitable powers" to grant Westinghouse standing. In declining to expand on the rather comprehensive scheme of federal securities laws, the trial court did not in anywise abuse its discretion.

 The trial court fixed a cost bond in the amount of $5,000. Westinghouse complains here about the amount of the cost bond. Whether that matter is properly before us is debatable. In any event, under the circumstances of the case, we find no abuse of discretion on the part of the trial court in setting the cost bond at $5,000. See F.R.A.P. 7.

After notice of appeal was filed, the defendants filed with the trial court a motion to tax costs and allow attorney's fees. Such motion has lain dormant pending disposition of this appeal. On remand, the trial court shall promptly hear and determine these ancillary matters.

Judgment affirmed.