Lewis B. SCKOLNICK,
Plaintiff, Appellant,

v.

David R. HARLOW, et al.,
Defendants, Appellees.

No. 87–1006.

United States Court of Appeals,
First Circuit.

Submitted May 8, 1987.

Decided June 3, 1987.

**14**

Lewis B. Sckolnick, on brief, pro se.

Francis D. Dibble, Jr., Diane Crowley and Bulkley, Richardson and Gelinas, Springfield, Mass., on brief, for appellees.

Before BOWNES, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Lewis Sckolnick, proceeding *pro se*, brought an action under 42 U.S.C. §§ 3612, 3617 against defendants-appellees David and Jeanne Harlow, and others, claiming that they discriminated against him on account of his religion in the sale of a wood lot. The district court granted defendants' motions for summary judgment and entered judgment against plaintiff on July 18, 1986. Plaintiff appealed. That appeal, no. 86–1774, is still pending. Subsequently, upon motion of defendants, the district court on December 2, 1986 entered a postjudgment order under Fed.R. App.P. 7 [1] directing plaintiff "to post as security for appellate costs either (a) a deed in favor of defendants for his interest in one of his parcels of land, or (b) a bond in the amount of $5,000." Plaintiff brought this appeal from that postjudgment order. We have stayed appellate proceedings in no. 86–1774 pending disposition of this appeal.

Plaintiff challenges the district court's Fed.R.App.P. 7 order on three grounds. First, he asserts that, since he is a debtor under chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301ff, the requirement that he post a deed for his interest in land violates 11 U.S.C. § 1306, which states, "Except as

provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." Second, he claims that, since he is a recipient of social security disability benefits, the bond requirement violates 42 U.S.C. § 407(a), which states that a person's entitlement to social security payments shall not "be subject to execution, levy, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." Finally, he contends that the bond required by the district court is excessive and, because of his indigency, will unfairly deprive him of his right to appeal.

■ We need not address plaintiff's first two arguments because plaintiff omitted to bring either contention to the attention of the district court. *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979). Although plaintiff's filings below did mention that he was a chapter 13 debtor and a recipient of disability benefits, they did so only in an attempt to persuade the district court of plaintiff's financial inability to post a bond. At no time did plaintiff suggest that anything in chapter 13 or in the social security statute presented a bar to the district court's bond order.

■ Even were we to reach these arguments, we would find them meritless. The record before us is silent concerning the treatment in the chapter 13 proceedings of plaintiff's interests in land covered by the bond order. This makes it difficult to assess whether a requirement that plaintiff post a deed to one of his interests in land would impermissibly interfere with orders of the bankruptcy court or with plaintiff's chapter 13 plan. Avoiding such appellate review on an incomplete and inadequate record is, of course, one reason why an appellant cannot ordinarily raise on appeal an issue not presented below. *Dobb v. Baker*, 505 F.2d 1041, 1044–45 (1st Cir. 1974). We presume that if plaintiff elected to post such a deed, he could move in the bankruptcy court for permission to do so, were such permission necessary. *See, e.g.,*

1. Fed.R.App. 7 provides: "The district court may require an appellant to file a bond or provide other security in such form as it finds necessary to ensure payment of costs on appeal

in a civil case. The provisions of Rule 8(b) apply to a surety upon a bond given pursuant to this rule."

5 Collier on Bankruptcy ¶¶ 1300.45[6], 1303.01[1], 1323.01, 1327.01[2], 1329.01 (5th ed. 1987). However, merely posting a deed would not itself encumber plaintiff's interest in the land; any issue that such an encumbrance might raise under chapter 13 would arise only later, if plaintiff failed to meet obligations secured by the bond and defendants obtained possession of the deed. In any event, nothing in chapter 13 can unalterably bar plaintiff from posting a deed; chapter 13 proceedings are wholly voluntary, and are subject to dismissal at any time at the debtor's request. 11 U.S.C. § 1307(b); 5 Collier on Bankruptcy ¶ 1300.-41, at 1300–78 (5th ed. 1987). In the instant case, furthermore, plaintiff need not post a deed to bring his appeal, but has the option of posting a $5,000 bond instead. Plaintiff does not appear to argue that posting such a bond would offend the provisions of chapter 13.

As for plaintiff's reliance on the social security statute, the bond order does nothing to attach or garnish plaintiff's social security benefits. The proscription of 42 U.S.C. § 407(a) is in no way implicated by the district court's order.

The determination of the nature and amount of the bond is a matter left to the sound discretion of the district court. *See Westinghouse Credit Corp. v. Bader & Dufty*, 627 F.2d 221, 224 (10th Cir.1980). Under all the circumstances here, we cannot find any abuse of that discretion. Defendants presented to the district court plaintiff's chapter 13 petition, deeds showing plaintiff's interests in real property, and other financial information sufficient to justify a finding that plaintiff was capable of complying with the court's order without undue hardship. For example, plaintiff's chapter 13 petition listed real and personal property holdings worth almost $100,000. Moreover, a Fed.R.App.P. 7 bond in the amount required here is by no means unprecedented. *See Westinghouse Credit Corp., supra*, 627 F.2d at 224 ($5,000 bond not an abuse of discretion). The district court's alternative of posting a deed to an interest in land, far from being an onerous imposition on plaintiff, provides him an option in the event he in fact cannot post a $5,000 bond without undue hardship.

Furthermore, although the district court did not expressly make a finding that the appeal on the merits was frivolous, we note that defendants' motion below requesting a bond sought "security for the costs, including attorneys' fees, which may be awarded by the United States Court of Appeals for the First Circuit to [defendants] pursuant to Fed.R.App.P. 38 and 39." Thus, the district court's decision to set the amount at $5,000 implied a view that the appeal might be frivolous and that an award of sanctions against plaintiff on appeal was a real possibility. Without in any way presaging our ultimate disposition of plaintiff's appeal in no. 86–1774, on preliminary examination of the merits of that appeal we cannot say that the district court abused its discretion in judging it to be frivolous. We note, also, that defendants introduced evidence below that plaintiff is a litigious *pro se* who has filed numerous lawsuits in state court.

The district court's Fed.R.App. 7 order is *affirmed.* If plaintiff fails to comply with that order—by posting the required bond or deed in the district court—on or before 5 p.m. on June 15, 1987, plaintiff's appeal in no. 86–1774 shall be dismissed.

Defendants' motion for damages pursuant to Fed.R.App.P. 38 is denied.