**Rixson M. PERRY, Plaintiff–Appellant,**

**v.**

**Christopher R. POGEMILLER and State Farm Fire and Casualty Co., Defendants–Appellees.**

**No. 93–1460.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 1993.

Decided Dec. 21, 1993.*

Opinion Published as Modified Feb. 1, 1994.

---

* This case was originally submitted on the briefs and record, *see* Fed.R.App.P. 34(a); Cir.R. 34(f), and decided by unpublished order under Circuit Rule 53. The Court, upon request, issues this decision as an opinion. Cir.R. 53(c)(1)(ii).

Rixson M. Perry, pro se.

Michael Resis, Querrey & Harrow, Chicago, IL, for defendants-appellees.

Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

Rixson Perry appealed the dismissal of his suit, with prejudice, as a sanction for his refusal to comply with discovery. Fed. R.Civ.P. 37(b). We affirm.

Nearly three years after voluntarily dismissing a tort action filed in the Circuit Court of Illinois, Perry initiated this action in federal district court based on diversity asserting the same claim against the same defendants as named in the state action. In lieu of an answer, the defendants filed a motion to dismiss for lack of subject matter jurisdiction and simultaneously served on plaintiff discovery designed to determine plaintiff's citizenship for purposes of diversity. When Perry failed to respond, the defendants filed a motion to compel.

At a hearing before the magistrate judge on the motion to compel, Perry, citing *Freeport–McMoRan, Inc. v. K.N. Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) for the proposition that "diversity of citizenship is assessed at the time the action is filed," steadfastly objected to all discovery requests concerning information other than the date of filing and also refused to disclose his address of residence as required by Local Civil Rule 1. The magistrate judge issued a comprehensive report and recommendation concluding that the discovery sought was relevant to determining Perry's purported domicile in Pennsylvania and further concluded that Perry's refusal to comply with the court-ordered discovery warranted dismissal. The district court upon *de novo* review dismissed the action with prejudice and granted the defendants' motion for fees and costs under Fed.R.Civ.P. 37(a)(4). For the reasons set forth in the magistrate judge's well-reasoned report and recommendation we affirm the dismissal.

■ Appellees have requested sanctions pursuant to Federal Rule of Appellate Procedure 38.[1] Perry responded to the motion. *See* Cir.R. 38. Rule 38 sanctions are discretionary with the appellate court. *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 938 (7th Cir.1989) (en banc). The imposition of sanctions involves a two-step inquiry. First, we must decide whether the appeal is in fact frivolous. If so, then we must determine whether sanctions are appropriate in this case. *Tyson v. Jones & Laughlin Steel Corp.,* 958 F.2d 756, 761 (7th Cir.1992). Perry argues that his appeal is not frivolous because he did not receive adequate notice that the August 18, 1992 hearing would address the merits of the motion to compel and further claims that the magistrate judge erred in refusing to allow time to prepare a brief in support of his response to the motion to compel. It hardly could come as a surprise that a hearing scheduled on the defendants' motion to compel would address the very subject of that motion. Perry's actions support this conclusion because in advance of the hearing he prepared a response to the motion to compel, a motion to stay discovery, and another styled "motion for an order removing discovery materials filed in violation of General Rule 18(b)." Not only does their substance concern the merits of discovery addressed at the hearing, but their mere existence is sufficient to show that Perry had

---

1. The defendants-appellees filed a motion to dismiss the appeal for failure to post a bond for costs on appeal as required by Federal Rules of Appellate Procedure 7 and by order of the district court. Although the failure to comply with Rule 7 may warrant dismissal of the appeal, *e.g., Skolnick v. Harlow,* 820 F.2d 13, 15 (1st Cir. 1987) (upholding imposition of order requiring a costs bond under Fed.R.App.P. 7 and informing appellant that failure to comply would result in dismissal of the appeal), we have reached the merits in this case; so we deny the motion to dismiss as moot. *Cf. Stookey v. Teller Training Dist., Inc.,* 9 F.3d 631, 635 (7th Cir.1993) (appellate court may reach the merits of an appeal even though failure to comply with Fed.R.App.P. 10(b) is unquestionably grounds for dismissing an appeal).

adequate notice. Moreover, Perry was afforded ample opportunity to be heard on his objection to discovery as the magistrate judge thoroughly reviewed the scope of the requested discovery in light of Perry's objection.

Perry makes the same argument on appeal as before the district court—that inquiry into a party's domicile is restricted to information about that party's activities on the date suit is filed. As the magistrate judge noted, to accept Perry's position "would effectively cutoff any inquiry into plaintiff's intentions to indefinitely remain at a particular residence"—an element necessary to establish domicile (the other element, of course, being the physical fact of residence). *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir.1992); *see Galva Foundry Co. v. Heiden,* 924 F.2d 729, 730 (7th Cir.1991). It is well-established that in ascertaining intent to remain for purposes of establishing domicile a party's entire course of conduct may be taken into account. *See, e.g., National Artists Management Co., Inc. v. Weaving,* 769 F.Supp. 1224, 1228 (S.D.N.Y. 1991). It is not enough to simply establish physical presence, but in order to turn residence in fact into a domicile in law the party must show, by some objective act, his intention to maintain the residency indefinitely. *Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555–56 (5th Cir.1985); *Butler v. Pollard,* 482 F.Supp. 847, 850–51 (E.D.Okla. 1979).

Perry's hyper-technical interpretation of assessing domicile is totally lacking in support and in substance and thus, an appeal based on this argument was destined to fail. *Mars,* 880 F.2d at 938 ("An appeal is 'frivolous' when the result is foreordained by the lack of substance to the appellant's arguments"). Yet in the face of clearly established law to the contrary, Perry persisted on appeal. Sanctions are appropriate if the appellant merely restates arguments properly rejected by the district court that are unsupported by a reasoned colorable argument for altering the district court's judgment. *A–Abart Elec. Supply, Inc. v. Emerson Elec. Co.,* 956 F.2d 1399, 1406–07 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 194, 121

L.Ed.2d 137 (1992). We have cautioned that if a litigant (even if unrepresented) persists in a hopeless cause long after it should have been clear to him, as a reasonable person, that his position was groundless, sanctions should be imposed. *Bacon v. American Fed'n of State, County, Mun. Employees Council,* 795 F.2d 33, 35 (7th Cir.1986). This appeal presents such a cause. Perry offered no valid legal support for his position on appeal other than that properly rejected by the district court. Therefore, we conclude that sanctions are appropriate and award $1,000 in sanctions in lieu of attorney's fees.

By way of caution, we note that federal courts possess the inherent power and constitutional obligation to prevent abuse of the judicial process by a litigant who engages in a pattern of frivolous litigation. *In re Davis,* 878 F.2d 211, 212 (7th Cir.1989) (per curiam) (citing *In re McDonald,* 489 U.S. 180, 185 n. 8, 109 S.Ct. 993, 996 n. 8, 103 L.Ed.2d 158 (1989) (quoting *In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984))). When a litigant persists in such conduct courts have exercised this power by imposing regulatory injunctions designed to prohibit the filing of duplicative and frivolous actions. *Id.; Lysiak v. C.I.R.,* 816 F.2d 311 (7th Cir. 1987) (per curiam); *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *see also Lumbert v. Illinois Dept. of Corrections,* 827 F.2d 257, 259 (7th Cir.1987). Should Perry continue on this course of pursuing frivolous litigation, he should take heed this warning lest he find himself subject to similar regulation. *E.g., Miller v. United States,* 868 F.2d 236, 241 (7th Cir.1989) (litigant who persisted in pressing identical frivolous claims following a monetary sanction enjoined from filing further frivolous litigation).

The appellees' motion to dismiss the appeal is DENIED, and the judgment of the district court is AFFIRMED with sanctions.