UNITED STATES COURT OF APPEALS
**Filed 6/4/96**
FOR THE TENTH CIRCUIT

G. ANN SAATHOFF,

   Plaintiff-Appellant,

v.

FILENET CORPORATION,

   Defendant-Appellee.

No.  95-1206
(D.C. No. 93-B-2396)
(D. Colo.)

DAVID L. SMITH,

   Attorney-Appellant.

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant G. Ann Saathoff and attorney-appellant David L. Smith appeal from various rulings of the district court entered in the course of plaintiff's lawsuit against her former employer, Filenet Corporation. Specifically, appellants appeal from an order granting summary judgment to defendant, rulings resolving various discovery disputes, and the imposition of sanctions against Smith. Appellants also allege error in the district court's refusal to recuse, its removal of Smith as plaintiff's attorney, and its requirement that plaintiff post an appeal bond.

Plaintiff began work for Filenet in April 1990 as a senior field engineer answering to Michael Maziarz, as her immediate supervisor. She alleges that while working with Maziarz, she was subjected to several incidents of sexual harassment and was passed over for critical software training. Although her most recent employment evaluation rated her performance as up to the expected level, her employment record reveals that she was also the frequent target of complaints by defendant's customers for various failings in her service.

As a result of a shortfall in revenue goals for the fourth quarter of 1992, Filenet decided to eliminate certain jobs and institute other cost-cutting measures. Plaintiff, the only

senior field engineer and the only female in the Denver office, was among those whose job were terminated.

As part of the termination process and in return for an enhanced severance payment of $2,350.52, plaintiff signed a release and waiver of all claims, known and unknown, which she may have had against Filenet. Later, through her attorney, plaintiff attempted to rescind the release but refused to return the severance payment as demanded by Filenet.

Plaintiff then brought claims against Filenet for alleged violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e -2000e(17), and 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). In her complaint, she alleged that her termination was based on illegal gender discrimination arising out of her relationship with Maziarz, that she was the victim of retaliation because of her opposition to various illegal practices, and that she had also been retaliated against for exercising a work-related right under Colorado common law.

A large part of appellants' brief is devoted to contesting the imposition of monetary sanctions against attorney Smith and other disciplinary action imposed on him both by the Tenth Circuit and by the District of Colorado. With regard to the monetary sanctions imposed by the district court in the course of this case, we have reviewed the record and find no abuse of discretion. See Willner v. University of Kan., 848 F.2d 1023, 1030 (10th Cir. 1988)(upholding sanction of dismissal for failure to provide discovery), cert. denied, 488 U.S. 1031 (1989). The additional disciplinary actions taken against Smith have been

reaffirmed by this court in In re Smith, 76 F.3d 335, 336 (10th Cir. 1996), which effectively disposes of his arguments in that regard.

Turning to plaintiff's portion of this appeal, we note that plaintiff has not paid the $4,500 appeal bond ordered by the district court. Plaintiff is permitted to argue the propriety of the bond requirement without having first posted the bond. See Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir. 1987)(affirming a bond requirement and allowing plaintiff until a date certain to post bond or risk dismissal). Plaintiff cannot prevail on this issue, however, because our review of the record reveals no abuse of discretion in the district court's action. See Westinghouse Credit Corp. v. Bader & Dufty, 627 F.2d 221, 224 (10th Cir. 1980).

Having determined that the bond requirement was appropriate but remains unpaid, our normal course would be to invoke 10th Cir. R. 42.1 to dismiss this appeal for want of prosecution unless plaintiff cures the default within a definite time period. However, because this case has been fully briefed, we also have the option of reviewing the merits. See Perry v. Pogemiller, 16 F.3d 138, 140 n.1 (7th Cir. 1993)(reaching merits under similar circumstances).[1]

---

[1] We note that appellants' brief was filed during the time Smith was under suspension by this court and prohibited from filing briefs on behalf of clients. See In re Smith, 10 F.3d 723, 724 (10th Cir. 1993), cert. denied, 115 S. Ct. 53 (1994). The brief is signed by both appellants although it is clear that Smith wrote the brief. While it would be within our authority to dismiss this appeal because of Smith's participation in the preparation of the brief, in the interest of judicial economy we will interpret plaintiff's signature on the brief as her attempt to appear in this court in a pro se capacity and proceed to address the merits.

As noted above, the district court granted summary judgment in favor of defendant on all claims. Initially, plaintiff argues that the district court erred in denying or limiting discovery. The magistrate judge, after reviewing plaintiff's discovery requests, concluded that the requested materials were either irrelevant to plaintiff's case or confidential and subject to a protective order. Plaintiff has failed to establish the relevance of the disputed documents, and she and her attorney refused to sign a protective order other than a simple statement insufficient to protect defendant's interests.

We have reviewed the protective order proposed by defendant and agree with the district court that it was fair and reasonable. The district court thus did not abuse its discretion in limiting plaintiff's overbroad and onerous discovery demands.

Finally, we agree with the district court that the release signed by plaintiff was valid and enforceable and that her refusal to return the consideration paid for that release made her revocation attempt ineffective. As such, the release bars plaintiff's claims against Filenet making the grant of summary judgment required as a matter of law. We have examined the record and briefs with regard to appellants' remaining arguments and are satisfied that appellants have shown no basis for reversal of the district court's orders.

Filenet's motion to dismiss this appeal with prejudice because of plaintiff's failure to file an appeal bond is denied as moot. Considering the procedural posture of this case, that the major sanctions against Smith were before the en banc court at the time, and that the defalcations appear to be largely the fault of plaintiff's attorney Smith, defendant's motion

for sanctions pursuant to Fed. R. App. P. 38 is denied.  Smith is warned that further attempts by him to relitigate these issues or other issues already determined and foreclosed by this court may result in sanctions.  See In re Smith, 77 F.3d 493 (Table), No. 95-1119, 95-1091, 1996 WL 67191 (10th Cir. Feb. 16, 1996).

AFFIRMED.


Entered for the Court


James K. Logan
Circuit Judge