124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald W. UPPOLE, Plaintiff-Appellant,
v.
Bruce BLACK, Defendant-Appellee.
 No. 96-3036.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 24, 1997.
Rehearing Denied Aug. 1, 1997.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 Appeal from the United States District Court for the Southern District of Illinois, No. 94-338-PER; Paul E. Riley, Judge.
 
 ORDER
 
 1
 Ronald Uppole brought suit in August 1994 under 42 U.S.C. § 1983 alleging various civil rights violations and conspiracies associated with a 1978 murder charge against Uppole and his subsequent incarceration in mental and correctional facilities.[1] The district court denied Uppole's motion to proceed in forma pauperis and dismissed the action without prejudice under 28 U.S.C. § 1915(a) & (d). Uppole subsequently filed several motions to vacate the judgment and for leave to file an amended complaint, all of which were denied.[2] Uppole filed a timely notice of appeal from the January 30, 1995, judgment dismissing his claim as frivolous. This court affirmed the dismissal in Uppole v. Black, 77 F.3d 484 (7th Cir.1996) (unpublished).
 
 
 2
 Uppole filed a motion for reconsideration on January 17, 1996, presumably under Federal Rule of Civil Procedure 60(b), which the district court denied on July 2, 1996. Uppole appeals asserting, as he did in his original appeal, that he is not bound by the judgment because the district court lacked personal jurisdiction over the defendants who had not been served with process.[3] However, "matters decided on a prior appeal become the law of the case to be followed on a later appeal" absent unusual circumstances or a compelling reason to disregard the doctrine. Parts and Elec. Motors Inc., v. Sterling Elec., Inc., 866 F.2d 228, 231 (7th Cir.1988). No such circumstances or reasons are present here. Accordingly, because this issue has been decided previously by this court, it is the law of the case. We affirm the district court's denial of Uppole's motion for reconsideration.
 
 
 3
 Further, we have determined that this appeal is frivolous. Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (April 26, 1996) ("PLRA"), this result counts as a "strike." Uppole's § 1983 complaint upon which this appeal is based also was dismissed as frivolous under § 1915(d) (recodified under the PLRA as § 1915(e)). Thus, Mr. Uppole now has two "strikes." We caution Mr. Uppole that if, while incarcerated, he loses one more action or appeal on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, his ability to pursue civil claims in forma pauperis in the federal courts will be greatly curtailed. See 28 U.S.C. § 1915(g); see generally Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the appellant's brief and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Uppole's initial complaint under § 1983 was dismissed in July 1994 for failure to plead any facts in support of his claim. The district court granted Uppole leave to file an amended complaint within 60 days. R. 11
 
 
 [2]
 In a March 1995 order, the district court denied several of Uppole's post-judgment motions and warned that further filings in the district court could lead to the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11. R. 32
 
 
 [3]
 This same claim was already rejected by this court in Uppole v. Black, 77 F.3d 484 (7th Cir.1996) (unpublished). We note that it is within our discretion to sanction Mr. Uppole for bringing an appeal "when the result is obvious or when the appellant's arguments are wholly without merit." Lorentzen v. Anderson Pest Control, 64 F.3d 327, 3319 (7th Cir.1995) (quotations omitted); Fed. R.App. P. 38. We warn Mr. Uppole that we will sanction the appeal of his next attempt to escape the valid judgment entered against him. See Homola v. McNamara, 59 F.3d 647, 64849 (7th Cir.1995); Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir.1993)