**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HAMSTEIN CUMBERLAND MUSIC
GROUP; HOWLIN' HITS MUSIC, INC.;
HAMSTEIN CUMBERLAND MUSIC
COMPANY; B.H. ASSOCIATES, INC.,
d/b/a Hamstein Music Company; BILL
HAM,

　　　　　Plaintiffs - Appellees,

v.

LORELEI WILLIAMS,

　　　　　Defendant - Appellant,

and

ESTATE OF JERRY LYNN
WILLIAMS,

　　　　　Defendant.

Nos. 12-5177 & 13-5030
(D.C. No. 4:06-CV-00063-GKF-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **MATHESON**, Circuit Judges.

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Following a bench trial, the district court issued findings of fact and conclusions of law and entered judgment in favor of the plaintiffs (referred to collectively as "Hamstein"). Lorelei Williams filed a motion for new trial, which the district court denied. In case number 12-5177, Ms. Williams appeals the district court's denial of her Motion for New Trial. In case number 13-5030, Ms. Williams appeals the district court's order compelling her to post an appeal cost bond under Fed. R. App. P. 7. Hamstein moves to dismiss Ms. Williams' appeal in case number 12-5177 based on her failure to satisfy the bond requirement. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's bond order, deny Hamstein's motion to dismiss, and affirm the denial of Ms. Williams' motion for new trial.

## I.     Background

Plaintiff Bill Ham is the owner and officer of the Hamstein companies. Hamstein is in the music and entertainment business. Hamstein acts as an "administrator" for songwriters by collecting royalties and paying the songwriters their share of the royalty revenue. Ms. Williams' former husband, Jerry Lynn Williams, was a songwriter. They were married from 1988 until they divorced in May 2005. Hamstein alleged in this action that Mr. Williams fraudulently transferred assets to Ms. Williams through a consent divorce decree, in violation of Oklahoma's version of the Uniform Fraudulent Transfer Act ("UFTA"), Okla. Stat. tit. 24, §§ 112-123.

Beginning in 1989, Hamstein was the administrator under several co-publishing agreements with Mr. Williams. But by 1998 the relationship had soured, and Hamstein sued Mr. Williams alleging breach of a 1994 agreement. Hamstein and Mr. Williams settled that dispute in March 2000. In December of that year, Hamstein commenced an arbitration proceeding alleging that Mr. Williams had failed to account for and pay royalties owed under their March 2000 settlement.

Mr. Williams did not initially participate in the arbitration process. In June 2003, he moved to a Caribbean island. The evidence indicated that Mr. Williams moved away from the United States to avoid service of process. Several witnesses testified at the trial that Mr. Williams was passionate about and focused on protecting his assets from Hamstein.

Hamstein obtained a court order compelling Mr. Williams to arbitrate, and in December 2004, the arbitrator awarded Hamstein $500,000 in attorney fees as a sanction for Mr. Williams' failure to respond to discovery. Hamstein filed a complaint in federal court in Texas to confirm this arbitration award.

The Texas federal court entered a default judgment against Mr. Williams in February 2005 and confirmed the $500,000 arbitration award with interest. The court later denied Mr. Williams' motion to set aside the default and ordered the parties to complete the pending arbitration within 120 days.

By March 2005, Mr. Williams was in ill health and, in the event of his death, he wished to impede Hamstein from collecting his assets. He believed that he could

protect his assets from the arbitration award through a divorce proceeding. Ms. Williams filed a petition for dissolution of marriage against Mr. Williams on May 6, 2005, in Tulsa County District Court, and a consent divorce decree was entered on May 31, 2005, dissolving their marriage and dividing their marital property.

Ms. Williams' attorney drafted the property division, including two schedules labeled "A" and "B." Schedule B (hereafter "Songbook B") was an eight-page list of nearly 400 of Mr. Williams' songs. The consent divorce decree awarded Ms. Williams the rights to Songbook B, which had an estimated value of $50,000, among other assets. Following entry of the decree, Mr. Williams was unable to pay his debts, and his liabilities exceeded his assets. He was technically insolvent.

In June 2005, the arbitrator entered a final award in favor of Hamstein in the total amount of $1.149 million, and the Texas federal court entered a final judgment in favor of Hamstein in September 2005, for $564,162, plus interest and costs. Mr. Williams passed away in November 2005.

The court found that Mr. Williams intended to use his divorce to hinder, delay, or defraud Hamstein, and concluded that Mr. Williams' transfer of assets in the divorce was a fraudulent transfer as defined in § 116 of the UFTA. The court also determined that the burden of proof in a UFTA action under Oklahoma law is a preponderance of the evidence. The court entered judgment in favor of Hamstein and against Ms. Williams and Mr. Williams' estate, setting aside, vacating, annulling, and

avoiding all of the transfers made in the divorce decree as necessary to satisfy creditors' claims.

After the district court issued its judgment, Ms. Williams retained new counsel and filed a motion for new trial under Fed. R. Civ. P. 59 and 60. She acknowledged that she had not previously raised some of the contentions she advanced in her post-trial motion. As relevant to this appeal, Ms. Williams argued that Songbook B could not have been fraudulently transferred to her by Mr. Williams because it was exempt property under the UFTA. Noting that Ms. Williams could have made her arguments in her prior briefing, the district court held it was inappropriate for her to raise them for the first time in her motion for new trial. The court then held, alternatively, that her exempt property claims were without merit. It also rejected Ms. Williams' contention that the burden of proof under the UFTA was by clear, satisfactory, and convincing evidence, rather than a preponderance of the evidence. Ms. Williams appeals the district court's denial of her motion for new trial in case number 12-5177.

Hamstein filed a motion under Fed. R. App. P. 7 asking the district court to compel Ms. Williams to post a bond to ensure the payment of costs on appeal. The district court adopted a report and recommendation of a magistrate judge finding that Hamstein had already spent $10,000 in appeal-related costs and recommending a $15,000 bond, which the court ordered her to post. Ms. Williams appeals that order

in case number 13-5030. When she failed to post a bond, Hamstein moved to dismiss Ms. Williams' appeal in case number 12-5177.

## II. Discussion

We address Ms. Williams' appeal of the order requiring her to post an appeal cost bond, Hamstein's motion to dismiss the merits appeal, and Ms. Williams' arguments regarding the motion for new trial in turn.

### A. Order Compelling Ms. Williams to Post a $15,000 Appeal Cost Bond

Federal Rule of Appellate Procedure 7 provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." We review a district court's order under Rule 7 for an abuse of discretion. *See Westinghouse Credit Corp. v. Bader & Dufty*, 627 F.2d 221, 224 (10th Cir. 1980). "A court abuses its discretion only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1086 (10th Cir. 2013) (internal quotation marks and alteration omitted).

After reviewing the record, we find the district court did not abuse its discretion in ordering Ms. Williams to post the $15,000 appeal bond. In reaching that decision, the court considered (1) her ability to pay a bond; (2) the risk she would not pay costs assessed on appeal; (3) the merits of her appeal; (4) the costs

expected to be incurred by the appellees; (5) Ms. Williams' compliance with court orders; and (6) whether she demonstrated bad faith or vexatious conduct. The court weighed each of these factors in Hamstein's favor. We find no reason to disturb the court's factual finding that plaintiffs had already spent close to $10,000 in costs at the time the bond was requested, and the order of $15,000 was well within the district court's discretion given the plaintiff's estimate that their costs on appeal would be at least $5,000. We affirm the district court's bond order.

**B.      Hamstein's Motion to Dismiss the Appeal in Case Number 12-5177**

Hamstein moves this court to dismiss the appeal in case number 12-5177 because Ms. Williams has not complied with the district court's order to post the $15,000 appeal cost bond. We do not doubt that we have the authority to dismiss an appeal when the appellant fails to comply with a district court's order to post a Rule 7 bond, but we decline to do so in this case. The appeal is fully briefed, and we elect to consider it. *See Perry v. Pogemiller*, 16 F.3d 138, 139 n.1 (7th Cir. 1993). Hamstein's motion to dismiss the appeal is therefore denied.

**C.      Denial of Ms. Williams' Motion for New Trial**

Ms. Williams raises several contentions of error in the district court's denial of her motion for new trial. She maintains that she brought her motion under Fed. R. Civ. P. 59(a), 60(b)(1) and 60(b)(6). We review for an abuse of discretion both a district court's denial of a motion for a new trial under Rule 59(a) and its denial of a motion for relief from judgment under Rule 60(b). *See Elm Ridge Exploration Co. v.*

*Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (reviewing denial of Rule 59(a) motion for new trial); *Lindberg v. United States*, 164 F.3d 1312, 1322 (10th Cir. 1999) (reviewing denial of motion under Rule 60(b)(1) & (6)).

Ms. Williams asserts that the district court erred in rejecting as untimely her arguments that Songbook B was exempt property under the UFTA and that it was marital property subject to Oklahoma law of tenancy by the entireties. She acknowledges that she did not advance either of these arguments at trial or in her post-trial proposed findings of fact or conclusions of law,[1] but argues that failure should be excused because it was the fault of former counsel. She argues it was necessary for the district court to address the merits of her newly raised claims regarding Songbook B to correct errors of law in the court's judgment and to avoid manifest injustice.

We conclude that the district court did not abuse its discretion in deciding that her arguments were not raised at the appropriate time. Whether to address arguments made in a Rule 60(b) motion that could have been but were not raised before entry of judgment is within the district court's discretion. *Lindberg*, 164 F.3d at 1322.

---

[1] Ms. Williams notes that she did assert earlier in the district court proceedings that certain property was not subject to the UFTA, although not "at a meaningful time and in a meaningful way." Aplt. Opening Br. (12-5177) at 46. She admits that she did not cite in her proposed conclusions of law any of the authorities on exempt property under the UFTA that she later relied on in her motion for new trial. She also acknowledges that her summary judgment motion "never argued . . . that the UFTA precluded the relief sought," and her trial brief "made no reference to the 'entireties' nature of the assets." *Id.* at 47.

Similarly, motions under Rule 59 are not vehicles to "advance arguments that could have been raised in prior briefing." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, Ms. Williams voluntarily chose her attorneys and is bound by their actions. *Gripe v. City of Enid*, 312 F.3d 1184, 1188-89 (10th Cir. 2002). To the extent she is dissatisfied with counsel's performance, her remedy is in a suit for malpractice.[2] *Id.* at 1189. Because Ms. Williams failed to raise these contentions at the appropriate time in the district court, we do not address their merits in this appeal. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722-23 (10th Cir. 1993).

Finally, Ms. Williams complains of the district court's conclusion that a preponderance of the evidence was the correct standard for assessing Hamstein's UFTA claim. She states in her opening appeal brief that "[t]his issue is irrelevant unless this Court reverses and remands this case for a new trial," Aplt. Opening Br. (12-5177) at 49 n.27, and she reiterates in her reply brief that this issue is "moot" unless we do so, Aplt. Reply Br. (12-5177) at 16. Because we affirm the district court's denial of her motion for a new trial, we do not address this issue.

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] We take no position on whether such a suit by Ms. Williams has any merit.