**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TRUSTEES OF THE UTAH
CARPENTERS' AND CEMENT
MASONS' PENSION TRUST; UTAH
CARPENTERS' AND CEMENT
MASONS' PENSION TRUST FUND,

     Plaintiffs - Appellees,

v.

ELIZABETH LOVERIDGE, Trustee
for Perry Olsen Drywall, Inc.,

     Defendant - Appellant.

Nos. 13-4025 & 13-4120
(D.C. No. 2:10-CV-00809-DS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HOLLOWAY**,[**] and **GORSUCH**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] The late Honorable William J. Holloway, Jr., United States Senior Circuit Judge, participated as a panel member when this case was heard, but passed away before final disposition. "The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal." *United States v. Wiles*, 106 F.3d 1516, 1516 n.* (10th Cir. 1997); *see also* 28 U.S.C. § 46(d) (noting circuit court may adopt procedure permitting disposition of an appeal where remaining quorum of panel agrees on the disposition). The remaining panel members have acted as a quorum with respect to this Order and Judgment.

Perry Olsen argues it never withdrew from a multiemployer pension plan established for the benefit of its unionized workers and those of other employers. An arbitrator found otherwise. The district court did too. Perry Olsen says all this was error, but we cannot see how. Whatever may be in dispute (and there is much in dispute between these parties), one thing isn't. On June 30, 2003, Perry Olsen's collective bargaining agreement expired and at that moment the company ceased having any obligation to contribute to the multiemployer pension fund. It is undisputed, too, that under the Multiemployer Pension Plan Amendments Act (MPPAA), withdrawal liability is imposed whenever an employer "ceases to have an obligation to contribute under the plan." 29 U.S.C. § 1383. To be sure, an employer can reenter a plan and effectively undo its withdrawal liability. 29 U.S.C. § 1387; 29 C.F.R. §§ 4207.1-.11. But Perry Olsen didn't follow these procedures either. It withdrew, stopped paying for a period, and never (lawfully) reentered. Given these facts, it is beyond serious dispute that Perry Olsen incurred withdrawal liability under the terms of MPPAA.

To be sure, the arbitrator and district court held that Perry Olsen incurred withdrawal liability for another reason. After realizing it had incurred withdrawal liability for its actions in June 2003, the company sought back into the plan. But it did so without complying with the procedures required by law. And it did so with payments so minimal that the arbitrator and district court found they weren't meant to fund the plan in any serious way — but were aimed instead only at

avoiding being held to account for the full scope of its withdrawal liability. Because Perry Olsen's payments were really an effort to evade or avoid withdrawal liability, the arbitrator and district court held they should be disregarded entirely. *See* 29 U.S.C. § 1392(c). By this comparatively circuitous path the arbitrator and district court arrived at the same conclusion we do now by a more direct route — namely, that Perry Olsen incurred withdrawal liability by leaving the plan and never (lawfully) reentering it. It is clear to us, moreover, that the trustees presented both theories of withdrawal liability (§ 1383 and § 1392(c)) before the arbitrator and district court and no one disputes that this court may affirm on any basis apparent in the record. *See, e.g.*, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

Neither can we agree that Perry Olsen is entitled to recover the money it paid into the plan after leaving it. True, Perry Olsen complains in passing that these monies should be credited toward its withdrawal liability. But this question was extensively litigated in the district court and the subject of a separate and lengthy ruling by the district court against Perry Olsen. Despite this, Perry Olsen offers no meaningful argument why it should prevail on this issue. On appeal Perry Olsen seeks total victory, insisting that it never withdrew. It does not develop sufficiently any reason why, should it lose on that question, it nonetheless deserves to be credited for the payments it made after withdrawing and without following the lawful procedures for reentry. With so little help from

- 3 -

Perry Olsen, we decline to investigate the issue any further ourselves. *See, e.g.*, *Murrell v. Shalala*, 43 F.3d 1388, 1389-90 n.2 (10th Cir. 1994) ("[It is a] settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

That leaves us to address only a couple remaining collateral questions. The arbitrator awarded the plan trustees the fees they incurred in pursuing the arbitration. The district court found the fee award warranted. Perry Olsen says this too was in error. But under 29 C.F.R. § 4221.10(c) an arbitrator may "require a party that initiates or contests an arbitration in bad faith or engages in dilatory, harassing, or other improper conduct during the course of the arbitration to pay reasonable attorneys' fees of other parties." Everyone accepts that we may overturn an arbitrator's award only if there was an abuse of discretion. And it is hard to say that much happened here. The arbitrator found Perry Olsen engaged in improper conduct during the course of the arbitration by (among other things) "repeatedly misrepresent[ing] and mischaracteriz[ing] the testimony, the evidence, and the arguments of the Plan." Perry Olsen offers us no reasoned basis for dislodging that conclusion. True, the company emphasizes that 29 C.F.R. § 4221.10(c) "is not a fee-shifting statute" that automatically allows a prevailing party its fees. But no one disputes that (entirely-beside-the-point) principle. In this case, the arbitrator didn't *automatically* shift fees to the prevailing party. He

made specific findings of contumacious conduct — and Perry Olsen gives us no reason for declaring those findings an abuse of discretion.

Finally, Perry Olsen challenges the district court's order requiring it to post an appellate bond under Fed. R. App. P. 7. The company claims that the district court's decision to require a bond violates the automatic stay imposed by the bankruptcy court overseeing its bankruptcy proceeding. But the bankruptcy court expressly lifted the stay "as to all claims asserted by or against" Perry Olsen in this litigation. And Perry Olsen fails to identify any legal authority that even *suggests* a party in these circumstances might be immune from having to post a bond. *See Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970) (a party's failure to cite cases "suggests either that there is no authority to sustain its position or that it expects the court to do its research"). Neither has the company persuaded us that the district court abused its discretion in fixing the amount of that bond. *See Westinghouse Credit Corp. v. Bader & Dufty*, 627 F.2d 221, 224 (10th Cir. 1980) (abuse of discretion standard of review applies to bond amount challenges).

The judgment of the district court is affirmed.


Entered for the Court


Per Curiam