Taher v. Sessions

BIA
Kolbe, IJ
A043 550 073

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

MOHAMED FAITHEL TAHER,
*Petitioner,*

v.                                              **16-4201**
                                                **NAC**
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Melinda M. Basaran, Paterson, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director;
                         Janice K. Redfern, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohamed Faithel Taher, a native and citizen of Yemen, seeks review of a November 22, 2016 decision of the BIA affirming a June 7, 2016 decision of an Immigration Judge ("IJ") pretermitting Taher's applications for asylum, a waiver of inadmissibility, and cancellation of removal, and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mohamed Faithel Taher,* No. A 043 550 073 (B.I.A. Nov. 22, 2016), *aff'g* No. A 043 550 073 (Immig. Ct. N.Y. City June 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our jurisdiction to review Taher's final order of removal is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). We review de novo Taher's legal challenge to the agency's aggravated felony determination. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We conclude that the agency correctly found that Taher's conviction is an aggravated felony that bars

him from receiving relief in the form of asylum, waiver of inadmissibility, and cancellation of removal.

Contrary to Taher's position, because the aggravated felony determination related solely to the denial of relief, not the charge of removability, he bore the burden of establishing his eligibility for relief from removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1229a(c)(4)(A); 8 C.F.R. §§ 1240.8(d), 1208.13(a). An aggravated felony conviction precludes him from receiving relief in the form of asylum, waiver of inadmissibility under 8 U.S.C. § 1182(h), and cancellation of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i), 1182(h), 1229b(a)(3). Taher failed to demonstrate that his 2015 conviction for conspiracy to commit food stamp fraud was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i) & (U). He does not and, indeed, cannot reasonably dispute that his conviction involved fraud or deceit or that it was a conspiracy conviction. He challenges the agency's aggravated felony determination only on the ground that the record did not show a loss in excess of $10,000 as required for a conviction to meet the statutory definition of a fraud aggravated felony. 8 U.S.C. 1101(a)(43)(M)(i). The

3

agency properly relied on the $120,000 restitution award to determine that the loss amount related to his conviction exceeded $10,000. *See Nijhawan v. Holder*, 557 U.S. 29, 36-40, 42-43 (2009) (applying the "circumstance specific approach" in analyzing whether applicant was removable and finding "nothing unfair" in agency's reliance on criminal sentencing documents, including parties' stipulation and court's restitution order). Accordingly, the only relief potentially available to Taher was withholding of removal and under the CAT. As discussed below, however, Taher has not shown any error in the agency's denial of those forms of relief.

As discussed above, our jurisdiction is limited to reviewing constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D). To qualify for withholding of removal, an applicant must establish that, if removed to the country proposed by the government, he will more likely than not be persecuted on the basis of one of five statutory grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see* 8 C.F.R. § 1208.16(b); *Y.C. v. Holder*, 741 F.3d 324, 332-33 (2d Cir. 2013). That he may

4

be subjected there to "[g]enerally harsh conditions shared by many others" does not amount to persecution. *Matter of Sanchez & Escobar*, 19 I. & N. Dec. 276, 284 (B.I.A. 1985) (finding that harm resulting from countrywide civil strife is not persecution on account of one of the five enumerated grounds); *see Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) ("General violence . . . does not constitute persecution, nor can it form a basis for petitioner's . . . fear of persecution."). Accordingly, the ongoing war in Yemen does not alone provide an adequate basis for authorizing relief from removal.

Taher has not otherwise met his burden to show that he would more likely than not be subject to harm on account of a protected ground (particular social group, religion, or imputed political opinion). *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n.2 (2d Cir. 2003) ("[W]e review de novo the question of law regarding what evidence will suffice to carry an asylum applicant's burden of proof."), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Taher did not demonstrate that Yemeni society perceives his purported particular social group of "former United States detainees who have

been detained for a lengthy period of time" to be socially distinct, particularly as he proffered no country conditions evidence regarding the treatment in Yemen of former U.S. detainees. *See Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (recognizing that a proposed particular social group must be "defined with particularity" and "socially distinct within the society in question"). His statement, through counsel, that he believes he could be perceived as supporting or spying for the United States due to his prolonged period of detention is not enough absent any objective basis for his belief that such individuals are singled out. *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record" a fear of persecution is not objectively reasonable and is "speculative at best."); *Melgar de Torres*, 191 F.3d at 311.

Similarly, Taher did not carry his burden to establish the requisite nexus between any harm feared by him in Yemen and his status as a "Sunni Muslim with a neutral stance" regarding an ongoing civil war. He presented no evidence apart from his own testimony that he wished to remain neutral. This record did not demonstrate that he would be

6

targeted on the basis of that political opinion.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (holding that it is insufficient that the persecutor act from "a generalized political motive" (internal quotation marks omitted)).  Taher's argument that the agency mischaracterized his claim of imputed political opinion is belied by the record.  As the BIA noted in rejecting this argument, the IJ explicitly considered Taher's "neutral stance" as a claim of imputed political opinion and Taher's counsel agreed on the record that the IJ properly characterized the claim.

Our jurisdiction to review the agency's denial of CAT relief based on an applicant's CIMT conviction is similarly limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 83 (2d Cir. 2015).  An applicant for CAT relief must establish that he will "more likely than not" be tortured.  8 C.F.R. §§ 1208.16(c)(2), 1208.17(a); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).  In assessing the likelihood of torture, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . relevant information

7

regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3)(iv). To satisfy the applicable burden of proof, an applicant for CAT relief must establish that "someone in his particular alleged circumstances is more likely than not to be tortured." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (emphasis omitted).

The agency did not commit an error of law in finding that Taher failed to show that he would more likely than not face torture if returned to Yemen. Taher argued that he will suffer deprivations and possible violence due to the ongoing civil war, but becoming enmeshed in wartime violence does not, as a matter of law, constitute torture. *See* 8 C.F.R. § 1208.18(a)(5) ("In order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering."); *Mu-Xing Wang*, 320 F.3d at 134. The agency did not fail to consider any evidence that Taher submitted. The agency does not need to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted). Taher does not identify what evidence not mentioned by the agency

8

would show he would likely be targeted for torture.  Nor does he address the observation that his family members remain in Yemen and, although they had to relocate, they have not been tortured. *Melgar de Torres*, 191 F.3d at 313 (explaining that the ability of family members to remain unharmed "cuts against" finding objective basis for harm).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9